Thomsou, P. J.
On the 26th day of August, 1887, Marie T. Bowers died *366 in the county of Arapahoe, leaving a will. She left, surviving her, three children, the issue of her marriage with James Bowers, and five children, the issue of a former marriage with T. Richter. On the 17th day of October, 1887, her will was duly admitted to probate by the county court of Arapahoe county, and William Barth appointed executor. The will contained bequests to both sets of children. A dispute appears to have arisen between the guardian of the Richter children, and the guardian of the Bowers children, concerning the meaning of the will, in so far as it related to a bequest of a certain indebtedness due the testatrix, each claiming the benefit of the bequest by virtue of the terms of the will, and on the 28th day of November, 1892, the executor commenced this proceeding to obtain a judicial construction of the instrument.
The complaint set forth the will, together with the hostile claims of the heirs, alleged that the plaintiff was in doubt as to which of the constructions contended for was the proper one, and that he was therefore unable to proceed to a final distribution and settlement of the estate, and prayed a decree interpreting and construing the provisions of the will, and directing the plaintiff, as executor, in what manner he should proceed to make such final distribution and settlement. All the children by both marriages, and their guardians, were made parties defendant. Process was duly served on the defendants, and on the 8th day of April, 1897, after a demurrer had been interposed by all the defendants, William Richter, who had in the mean time attained his majority, and the other Richter children, by their guardian, filed their answer to the complaint, setting forth the rights to which they claimed to be entitled under the will, and praying a decree accordingly. Afterwards, on the 8th day of June, 1897, the Bowers children, by their guardian, filed their answer, as well to the complaint as to the answer of their codefendants, denying the validity of the claims of the latter, averring the rights to which they laid claim under the will, and praying a decree awarding those rights to them as against their codefendants. *367 There was a replication by the plaintiff, which, for reasons appearing hereafter, it is unnecessary to notice.
Upon the hearing, the court gave the will the construction contended for by the Richter children, and rendered a decree accordingly, directing the plaintiff, as executor, to account to them for the legacy in dispute. Erom the decree so rendered the plaintiff appealed to this court. The case is now before us on motion of the Richter children to dismiss the appeal, for the reasons that the judgment appealed from is not a judgment against appellant, and that the appellant has no such interest in the controversy as to entitle him to a review of the judgment.
We are unable to understand how the judgment can be reviewed at the instance of the appellant, either on appeal or writ of error. He was not a party to the controversy which the court was called upon to determine. As executor he was in possession of the assets of the estate. The meaning of certain provisions of the will was brought into question by two sets of legatees. Each claimed to be entitled to the same legacy by the terms of the will properly construed. It was necessary to the protection of the executor that the question should be judicially determined. The fund was in his hands, and the law required him to account for it; so far as its mere disposition was concerned, it was a matter of indifference to him to whom it should go, and it would cost hixxx no more to account for it to one set of claimants thaxr to the other. But he was ixiterested in knowing who were the proper parties to receive it. It was to secure hixnself against the consequences of an error in the distribution of the assets of the estate, that he applied to the court. If the court had refused to entertain his suit, he would have been entitled to the opinion of an appellate court upon the judgment. But there was no refusal to entertain his suit, and the moment he brought the contending parties face to face with each other in eoui’t, the litigation was theirs and not his. When the court construed the will, and determined, as between the opposing claimants, to whom the fund should be rendered, *368 it did exactly what the appellant had asked it to do. As between those claimants, the decision may have been erroneous, but, if so, the error did not, and could not, affect the appellant. He was merely the disinterested holder of a fund, the right to which was in dispute between others. There was no judg’ment against him, and there was no judgment in the case, except one which he had invited, and while the aggrieved parties might have brought the judgment here for review, we cannot be moved in the matter by one who has no interest in, and is a stranger to, the controversy. Neither the errors assigned, nor the appellant’s replication, have been noticed, because they pertain wholly to matters with which the appellant has no concern. No valid reason appears for the presence of this record in this court, and the appeal will be dismissed.

Dismissed.