[No. 4817.]

## Virden, Administrator, v. Hubbard et al.

**Estates of Decedents—Construction of Will—Administrator—No Appealable Interest.**

Where an administrator and certain beneficiaries under a will devising real estate brought an action against other beneficiaries for a construction of the will, and the court declared the will a nullity, and held that the estate passed as if deceased had died intestate, and the complaint did not show that the administrator had any interest in the controversy, he is not entitled to an appeal from such decree.—P. 39.

*Appeal from the District Court of Fremont County.*
*Hon. M. S. Bailey, Judge.*

Action by Milton Virden, as administrator of the estate of Nancy M. Bryan, deceased; against

'Alfred L. Hubbard and Clyde Clinton Hubbard, minors, and Lovell S. Bailey, guardian of the estate of said minors, and Adelbert C. Hubbard. From a judgment construing the will, administrator appeals.

*Dismissed.*

Mr. JAS. T. LOCKE and Mr. A. MACON, for appellant.

Mr. KEITH L. ELDRED and Mr. HARRY SAYRE, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court:

This was an action by an administrator and certain remote beneficiaries of a will devising real estate, against other beneficiaries thereunder, for a construction of the will. The court below declared the will a nullity and that the estate passed to the various claimants as if deceased had died intestate.

The complaint does not show that the administrator has any interest in this controversy. Such administrator is the only party asking the court to review the judgment below. For aught that appears, all parties really interested in the decision below are satisfied with that decision and do not desire its review.

Appellees ask that the action be dismissed because brought here by a party having no interest in the controversy.

We think *Barth v. Richter,* 12 Colo. App. 365, in point, and decisive in favor of the contention of appellees. There, Mrs. Bowers died leaving surviving children, the issue of two marriages. Her estate was administered upon. A dispute arose between the respective guardians of the two sets of children concerning the meaning of the will. The executor commenced a suit in the district court of Arapahoe county to obtain a judicial construction of the will.

The will was construed, and from the decree so rendered the executor took an appeal to the court of appeals. The point was made that the appellant, the executor, had no such interest in the controversy as to entitle him to a review of the judgment. The court of appeals said:

"When the court construed the will, and determined as between the opposing claimants to whom the fund should be rendered, it did exactly what the appellant had asked it to do. As between those claimants the decision may have been erroneous; but, if so, the error did not and could not affect the appellant. He was merely a disinterested holder of the fund, the right to which was in dispute between others."

Because the executor had no interest in the matter in controversy, he was denied the right to have the decree below reviewed. Such is the situation of the administrator here, and for the same reason the appeal will be dismissed. *Dismissed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concur.