[No. 5736.]

### DENISON, ADMR., ETC., v. JEROME.

**1. Parties—Defects—Waiver.**

The rule that defect of parties is waived by failing to demur on that ground, or in some appropriate way to present the question to the trial court, and by joining issue and going to trial, does not apply where the court cannot proceed to judgment without the presence of others not parties to the proceeding.—P. 460.

**2. Parties—Necessary Parties—Statutory Construction.**

Section 16, Mills' Ann. Code, providing that "the court may determine any controversy between the parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but, when a complete determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in," is but declaratory of the general rule that all who are interested in the subject-matter of an action should be made parties thereto, so that complete justice may be done and the rights of all parties in the subject-matter finally determined.—P. 461.

**3. Estates of Decedents—Proceeding for Allowance of Claims—Parties.**

In a proceeding for the allowance of a claim against the estate of a decedent, the claim was based on the ground that obligors in a bond, for the purpose of indemnifying themselves,

had created a fund which was deposited with decedent, who agreed to invest the same, pay the interest thereon annually to the obligors, protect them on their obligation, and pay to them the part of the fund remaining on the discharge of the obligation.' Held, that all the obligors are indispensable parties to such proceeding, especially where it does not appear that the conditions under which the obligors become entitled to the fund have been complied with.—P. 462.

4. Estates of Decedents—Allowance of Claims—Appeal.

3 Mills' (Rev.) Stats., § 4731, provides that administrators, in their official capacity, shall prosecute and defend on behalf of the estates represented by them, and § 4815e confers on administrators the right to appeal. Held, that an administrator, in his representative capacity, may appeal from an order in a proceeding against the estate where the order is prejudicial to the interests which it is his duty to protect; and that an administrator of an insolvent estate may appeal from a judgment allowing a claim against the estate as a claim of the first class, where such allowance will injuriously affect the rights of other creditors.—P. 462.

*Appeal from the District Court of the City and County of Denver.*

*Hon. P. L. Palmer, Judge.*

Proceeding by George H. Jerome for the allowance of a claim against the estate of John L. Jerome, deceased. From a judgment allowing the claim, John H. Denison, as administrator, with the will annexed, appeals.    *Reversed and remanded.*

Messrs. HOOD & MCLEAN, and Mr. THOS. H. HOOD, for appellant.

Messrs. BICKSLER, BENNETT & NYE, for appellees.

Mr. JUSTICE GABBERT delivered the opinion of the court:

This is an appeal by the administrator with the will annexed of the estate of John L. Jerome, deceased, from a judgment allowing a claim against that estate as of the first class. The claim of appellees was allowed as of the first class upon the ground

that the fund upon which it was based was a trust fund.    Section 4778, 3 Mills' (Rev.) Stats., provides:

"Where any executor, administrator, guardian, conservator or trustee has received money as such, his executor, administrator or conservator shall pay out of his estate the amount thus received, and not accounted for, which shall compose the first class."

The claim was first filed by the appellee, George H. Jerome, for himself personally and as attorney in fact for the other appellees, in the county court, in which the administration of the estate was being conducted.    From the petition filed on behalf of these parties, it appears that nineteen persons in all were interested in the fund, but George H. Jerome did not pretend to represent the eleven other persons named as having an interest in the fund.    In the county court the claim was allowed as of the fourth class, from which the appellees appealed to the district court.    The judgment of that tribunal was to the effect that the claim of George H. Jerome and others be allowed in the sum of $33,375.00, as a claim of the first class; that the administrator pay that sum to The International Trust Company, designated by the court as the successor in trust of the deceased, to be held by the trust company for the use and benefit of the parties lawfully entitled thereto, until the entry of an order of a court of competent jurisdiction directing the distribution of the funds among such parties.    The circumstances in which the deceased became possessed of the fund which is the basis of the claim of appellees are substantially as follows:

In 1886 Milton Jerome, of Chicago, departed this life, leaving a widow, but no children.    By his will his widow, brothers and sisters were to receive the income of his estate in proportions particularly designated, and when his wife, brothers and sisters were dead, the estate was to be divided between his

nephews and nieces, and in the event any of these legatees were dead, the share devised to them should descend to their issue. The widow renounced the provisions of the will, and elected to take under the Illinois statute, and brought partition proceedings to secure her share, which was one-half of the estate. The property which was the subject of the proceedings was sold and the widow paid her share. The remainder of the money realized was directed to be paid over to the other distributees under the will upon certain conditions which it is not necessary to notice in detail, provided they executed a bond which obligated them to comply with these conditions. This bond was executed and the obligors, for the purpose of indemnifying themselves against loss thereon, created a fund in the sum of $30,000, which was deposited with deceased, to secure which he executed a bond. This bond provided that he should make careful and prudent investment of the funds; that he should pay interest thereon annually to the beneficiaries; that he should protect them on their obligation, which they had executed in order to obtain the money paid them from the Milton Jerome estate to the extent of the fund, and that upon the discharge and satisfaction of such obligation, should pay to them, their heirs or legal representatives, so much of such fund as might be remaining. The petition filed by claimants in support of their claim states substantially the above facts, but it does not appear that the conditions under which they would become entitled to the fund have been complied with. The deceased continued to hold this fund up to the time of his death, and paid interest thereon to March 1st, 1903. He died November 22, 1903, and Mr. Denison was appointed administrator of his estate with the will annexed. The estate is insolvent. The assets of the estate are, approximately, of the value of $28,000.

Claims other than that of appellees have been allowed in a sum exceeding $22,000, and other claims filed, and not yet adjusted, aggregate about $8,000. The expense of administration, including taxes paid, amount to about $1,500.

Counsel for the administrator contend that the funds in question are not trust funds; that the district court erred in allowing the claim of appellees as a claim of the first class instead of a claim of the fourth class, for the reason that it did not appear that the alleged trust fund or the property in which it was invested ever came into the hands of the administrator; that the statute making a claim based upon a trust fund a preferred claim over other creditors is unconstitutional, because it impairs the obligations of the contracts of the latter; and that the county court had no jurisdiction of the cause instituted by appellees.

These are interesting and important questions which we decline to pass upon, for the reason that in our opinion the point made by counsel for appellant, that the judgment in favor of the appellees is erroneous in that there is a fatal defect in the lack of necessary and indispensable parties, is well taken, and for this reason the other questions should not be determined in the absence of such parties.

It is urged by counsel for appellees that the question of a defect of parties was waived by the appellant not demurring upon this ground, or in some appropriate way presenting that question to the trial court, and in joining issue and going to trial. The rule invoked does not apply where the court cannot proceed to judgment without the presence of others who are not parties to the proceeding.—*Peck v. Peck*, 33 Colo. 421; *Homestead M. Co. v. Reynolds*, 30 Colo. 330; *Colo. State Bank v. Davidson*, 7 Colo. App. 91.

Our Civil Code, section 16, provides:

"The court may determine any controversy between the parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in."

This is but a declaration of the general rule that all who are interested in the subject-matter of an action should be made parties thereto, so that complete justice may be done and the rights of all parties in the subject-matter of controversy finally determined.—*Mitau v. Roddan*, 84 Pac. (Cal.) 145. According to the averments of the petition filed by appellees, upon which they base their right to the fund in controversy, there are eleven parties interested in that fund who are not parties to the proceeding which they instituted. The fund was created and deposited with the deceased to secure all parties interested therein against loss upon an obligation which they had executed. The interested parties are entitled to interest on this fund, but until the period of distribution arrives, they are not entitled to any part of the principal. That period has not arrived. The conditions of the bond executed by deceased to secure this fund by virtue of which the obligees would be entitled thereto, have not been fulfilled; so that neither the obligees nor their representatives are entitled to this fund, or any part thereof. If the fund is recovered from the estate, it must be kept intact, and so administered as will result in its being so used and applied as to effect the purpose for which it was originally created, and deposited with the deceased. The trial court realized this by appointing a trustee, and directing the administrator to pay to it a sum of money which equalled the fund.

Clearly, those interested in the fund who are not parties have a right to be heard on the question of the appointment of such trustee, and yet the trial court has attempted to adjudicate their rights in this respect without their presence in a proceeding to which they are not parties. They are not bound by this judgment.—*Butler v. Butler,* 164 Ill. 171. Their rights in their absence cannot be saved and a complete determination of the controversy be had.— *Allen v. Tritch,* 5 Colo. 222. It is evident, therefore, that they are indispensable parties to the proceeding, and that à complete determination of the rights of all parties in the subject-matter of controversy cannot be had without their presence. It is also apparent that a judgment has been rendered in favor of the appellees to which they are not entitled.

It is urged by counsel for appellees that the administrator has no right to appeal, and they therefore ask that his appeal be dismissed. There are cases where the administrator may not appeal, of which *Barth v. Richter,* 12 Colo. App. 365, and *Virden v. Hubbard,* 37 Colo. 37, are examples. An examination of these cases, however, discloses that the administrator had no interests to protect in his representative capacity, and for this reason could not appeal. The case at bar presents an entirely different state of facts. By § 4731, 3 Mills' (Rev.) Stats., it is provided that administrators, in their official capacity, shall prosecute and defend on behalf of the estates represented by them. By § 4815e, *ibid.,* the right of an administrator to appeal is conferred. The purpose of conferring this right is to enable him to more fully protect the interests committed to his care. The administrator represents the creditors and the whole of the estate, and it is his duty to take such steps as are necessary to prevent injury to the interests which he represents re-

sulting from improper orders with respect to the estate of which he is the representative. The legal representative of interests involved in litigation prejudicially affected by the result is a party aggrieved within the meaning of the appeal statutes; hence, it follows that where an order is made in a proceeding against the estate to which the administrator is a party, which is prejudicial to the interests which it is his duty to protect, he may appeal therefrom in his representative capacity.—*In re Estate of McCune,* 76 Mo. 200; 2 Enc. Pl. & Pr. 158; *McKenney v. Minahan,* 119 Wis. 651; *In re Estate of Haydenfeldt,* 117 Cal. 551; *Jamison v. Adler-Goldman Com. Co.* 59 Ark. 548; *Ruch, Admr., v. Biery,* 110 Ind. 444.

The estate which the appellant represents is insolvent. There are a number of claims, aggregating several thousand dollars, which have already been allowed, and claims amounting to several thousand more which are in process of adjudication. The funds and property in his hands which he can apply to the payment of debts against the estate do not equal in amount and value the claim of appellees, as allowed by the trial court; so that if that judgment should be carried into effect, there would be nothing left in the hands of the administrator to apply to the payment of the other debts against the estate. It follows, therefore, that the rights of the creditors of the estate other than appellees were injuriously affected by the judgment of the district court, and as the administrator represents these creditors, he was aggrieved by such judgment in his fiduciary capacity.

The judgment of the district court is reversed and the cause remanded for further proceedings according to law.          *Reversed and remanded.*

Chief Justice Steele and Mr. Justice Helm concur.