## No. 9357.

## REDDINGTON *v.* REDDINGTON.

ADMINISTRATOR'S APPEAL—*Bond*—*Statute Construed.* Where the administrator, in a petition in the county court for the determination of heirship seeks only to sustain a claim personal to himself, in no way involving the diminution of the estate, he is not entitled to an appeal without bond, under Rev. Stat., sec. 7254.

*Error to the Denver District Court, Hon. John I. Mullins, Judge.*

Mr. EDWIN N. BURDICK, Mr. JOHN F. ROTRUCK, for plaintiff in error.

Mr. JOHN HIPP, for defendants in error.

Mr. Justice Scott delivered the opinion of the court.

THE plaintiff in error as administratrix, filed her petition in the County Court for the determination of heirship, alleging that she was the sole heir at law of Francis M. Reddington, deceased. The defendants in error filed their petition in intervention claiming that they were the children and heirs of the decedent. The court found for the intervenors, and adjudged that each was an heir of the deceased, and awarded to each a one-fourth interest in the estate.

The plaintiff in error, as administratrix filed an appeal with the District Court from the judgment of the County Court. This appeal was dismissed by the District Court upon motion of defendants, upon the ground that the administratrix as such, has no interest in the matter at issue, and for such reason has no right of appeal, and further that as widow and claimant of the estate had filed no appeal bond. From this action and judgment the administratrix brings error.

It is plain that the plaintiff in error seeks only to sustain a claim personal to herself and in no way involves a diminution of the estate.

Counsel cite 7254 Rev. Stat. 1908, as sustaining their contention which provides that in case of appeals prosecuted by an administrator, executor, or conservator of any estate, no bond shall be required. But this can apply only to such, when acting in a representative capacity and involving the interests of the estate.

This is not the case here and therefore the administratrix in her representative capacity has no such interest in the matter in controversy, as entitles her to a review. *Wilson v. Board of Regents,* 46 Colo. 100; 102 Pac. 1088; *Virden v. Hubbard,* 37 Colo. 37, 86 Pac. 113; *Barth v. Richter,* 12 Colo. App. 365, 55 Pac. 610; *Denison v. Jerome,* 43 Colo. 456, 96 Pac. 166.

The judgment is affirmed.

Garrigues, C. J., and Denison, J., concur.