No. 14,622.

Estate of Huling.

HULING *v.* FEDDERSEN, Administrator.

(99 P. [2d] 194)

Decided February 5, 1940.

Mr. HARRY A. FEDER, for plaintiff in error.

Mr. GRANBY HILLYER, for defendant in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THIS proceeding involves a claim against the estate of a deceased person which was duly allowed by the county court. In a trial de novo on appeal by the administrator of the estate to the district court, a motion to dismiss the appeal having been overruled, judgment disallowing

the claim was duly entered, and claimant, as plaintiff in error, here seeks a reversal of that judgment.

The principal question for determination and the only one argued, is whether an administrator has the right of appeal to the district court from a judgment of the county court finally allowing a claim against the estate of the decedent which he represents. By the provisions of section 243, chapter 176, '35 C. S. A., appeals to the district court from final orders of the county court in probate matters may be taken in the manner prescribed by law for appeals from the county court to the district court in civil or law cases. In proceedings of the latter type, section 165, chapter 46, '35 C. S. A., accords such right to appeal from final judgments to "any person aggrieved" thereby. Plaintiff in error contends that the judgment of the county court allowing her claim against the decedent's estate, which admittedly is solvent, in no particular aggrieved the administrator and consequently he had no appealable interest in the controversy. Section 115, chapter 176, '35 C. S. A., expressly confers the power upon an administrator and makes it his duty to sue for, recover, and *preserve* the estate, both real and personal. Section 198, chapter 176, supra, gives to the personal representative the right to object to the allowance of a claim presented against the estate and to obtain an adjudication thereon by the county court. By providing in section 243, supra, relating to appeals in probate matters, "that when such appeal is prosecuted by the administrator * * * of any estate, no bond shall be required either by said county or district court," the general assembly expressly recognized, that in some cases at least, an administrator has the right of appeal. Under the general theory of our probate procedure as well as by the express terms of the statutes pertaining thereto, it is the duty of an administrator to preserve the property of an estate, so far as he legally can, for ultimate transmission to the heirs or beneficiaries of the deceased. In the settlement of claims against

the estate the administrator represents them. Likewise it is equally definite that in this field the administrator also represents the lawful creditors and is charged with the duty of preventing injury to their interests by resisting the allowance of claims he deems improper. Any injury to the interests of heirs, beneficiaries or creditors of the decedent arising through a diminution of the assets of the estate, even though not aggrieving the administrator personally, in legal effect is a grievance affecting him in his fiduciary and representative capacity within the meaning of the appeal statute. This is clearly determined in the case of *Denison v. Jerome,* 43 Colo. 456, 96 Pac. 166, where we expressly upheld the right of an administrator to appeal to the district court from a judgment of the county court allowing a claim against the estate which he so represented, and our pronouncements therein conclude the question under consideration adversely to the contentions of plaintiff in error.

From the circumstance, mentioned in the opinion in *Denison v. Jerome, supra,* that the estate there involved was insolvent, plaintiff in error argues that the right of the administrator to appeal from a judgment allowing a creditor's claim, is limited to insolvent estates. That no such restriction was intended by the court is evident in the light of the numerous authorities therein cited in support of the rule announced, in none of which was the suggested condition imposed. The insolvency of an estate merely is illustrative of the pecuniary loss suffered by all creditors through the increase in liabilities against insufficient assets occasioned by the allowance of additional claims. Equally tangible and inevitable, however, is the injury which must occur to the heirs or beneficiaries entitled to the residual corpus of the estate by the allowance and payment of unjust claims against it. Further, in the absence of statutory authority, and it is not contended that such exists, it may be doubted whether a court properly could invade what might well be considered legislative fields and declare the status of

insolvency to be a condition precedent to such right of appeal. In *Denison v. Jerome, supra,* as here, the party resisting the right and as supporting their views in that behalf, cited the cases of *Barth v. Richter,* 12 Colo. App. 365, 55 Pac. 610, and *Virden v. Hubbard,* 37 Colo. 37, 86 Pac. 113, both of which were actions for the construction of wills and involved controversies between rival groups asserting adverse rights to distributive interests in the estates involved. The following words of the opinion in *Denison v. Jerome, supra,* directed to the inapplicability of these cases to the issue there, are equally pertinent and controlling here: "There are cases where the administrator may not appeal, of which *Barth v. Richter,* 12 Colo. App. 365, and *Virden v. Hubbard,* 37 Colo. 37, are examples. An examination of these cases, however, discloses that the administrator had no interests to protect in his representative capacity, and for this reason could not appeal. The case at bar presents an entirely different state of facts." The later cases of *Wilson v. Board of Regents,* 46 Colo. 100, 102 Pac. 1088, and *Fenn v. Knauss,* 87 Colo. 175, 285 Pac. 945, denying to personal representatives the right of appeal from orders for distribution of the assets of estates, follow the principle adopted in *Barth v. Richter* and *Virden v. Hubbard, supra,* and upon the same basis have no relation to the case at bar, and in no manner are inconsistent with the conclusion reached in *Denison v. Jerome, supra,* and here followed.

Other objections to certain rulings of the district court are set out in the assignment of errors, but not argued; we have, notwithstanding, examined them, but in our view, the foregoing disposes of all questions which are substantial or merit discussion.

Accordingly the judgment is affirmed.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE YOUNG concur.