Opinion by
Mr. Justice Moore.
Plaintiff in error is the administrator of the estate of Francis Wilson Hennis, deceased, and will be referred to as the administrator. We will refer to defendant in error as the claimant. The controversy involves the question of whether the administrator is the “person aggrieved” within the meaning of C.R.S. ’53, 37-6-10, which makes provision for an appeal to the district court from all final judgments and decrees of the county court.
A very unusual set of facts gives rise to the controversy. In chronological order the pertinent facts are as follows:
(1) September 8, 1959, claimant was riding as a passenger in an automobile and suffered personal injuries *161 in an accident which she thereafter alleged was caused by the negligence of Francis Wilson Hennis.
(2) Said Hennis died May 7, 1960.
(3) August 29, 1960, the county court appointed David Gushurst administrator of the estate of Hennis.
(4) August 31, 1960, a claim was filed by Wanda Billie Benham to recover damages allegedly sustained by her in the automobile accident to which reference is made in paragraph (1) above.
(5) The administrator neither expressly allowed nor disallowed said claim.
(6) The inventory filed by the administrator shows that a public liability insurance policy issued to the decedent by the Western Casualty and Surety Company was the only asset of the estate.
(7) The claim was heard before a jury in the county court which returned a verdict in favor of claimant for the sum of $15,000.00, and the county court allowed and approved the claim in that amount.
(8) In the county court, counsel who contested the claim were attorneys for the above named insurance company which was obligated to defend the claim under terms of the policy issued to decedent.
(9) There are no assets in the hands of the administrator, and no claims other than the one above indicated were filed.
(10) The insurance company caused the administrator to file an appeal from the judgment entered in the county court, and under the provision of C.R.S. ’53, 152-1-8 no appeal bond was filed.
(11) Within the time allowed, claimant filed with the district court a Motion to Dismiss the appeal on the ground that the administrator had no interest in the matter at issue and was not the “aggrieved” party, and for the further reason that Western Casualty and Surety Company was the only aggrieved party as a result of the verdict and it had taken no appeal in its name nor *162 had it filed an appeal bond. This motion to Dismiss was set down for hearing on March 29, 1961, in the district court of Otero county, at which time the claimant’s attorney took testimony of the administrator over the objection of counsel. The district court granted claimant’s motion and dismissed the appeal. The administrator is here on writ of error directed to that judgment.
The following statutory provisions are involved: C.R.S. ’53, 37-6-10, the pertinent portions of which are: “Appeals may be taken to the district court of the same county, from all final judgments and decrees of the county court, except judgments by confession, by any person aggrieved by any such final judgment, or decree; * * *” (Emphasis supplied.)
C.R.S. ’53, 152-1-8, which provides, inter alia:
“* * * When such appeal is prosecuted by the administrator, executor, guardian or conservator of any estate, no bond shall be required either by said county or district court. * * *”
On behalf of claimant, counsel argues that the judgment of the trial court should be affirmed because:
“The Colorado Survival Statute, being C.R.S. 1953 152-1-9, is not the basis of Claimant’s claim. The Survival Statute permits its survival as it permits survival of claims on contract, claims on quantum meruit, claims for services, claims for accounts, and all other claims long recognized as proper. The basis, the statutory authority, for Claimant’s claim, like all other claims, is Article 12 of Chapter 152, 1953 C.R.S., as amended.
“The Insurance Company in the instant case is not defending the Administrator. He was not sued. No claim was made against him. He could suffer no injury or liability, nor could the heirs, beneficiaries and creditors whom he represented. There were no assets in the estate to be preserved for heirs, beneficiaries and creditors. The sole asset of the estate is a liability insurance policy, the proceeds of which can only go to the Claimant, or be *163 denied the Claimant, in which event The Insurance Company would be free of liability.
“Therefore, the allowance of the claim of Claimant in the County Court by jury verdict in no way diminished the assets of the estate which the Administrator must preserve for heirs, beneficiaries and creditors. It did, however, as stated at page ten of the brief of Plaintiff in Error leave ‘the company with a Fifteen Thousand Dollar judgment on what it considers to be a very questionable case of liability.’ (Our emphasis.)
“Since the testimony of the Administrator is that he has no objection to the claim as allowed, and counsel who opposes the claim for The Insurance Company states in his brief that it is The Insurance Company that is left with the judgment and considers the judgment questionable, it could hardly be more clear that it is The Insurance Company and not the Administrator that is aggrieved, made the appeal, and is being defended.”
The argument as quoted above is ingenious and as elaborated upon in the briefs of attorneys for claimant gives cause for a painstaking analysis.
As provided by C.R.S. ’53, 152-10-13, it was the duty of the administrator to “* * * receive, take possession of, sue for, recover and preserve the estate, both real and personal coming to his attention or knowledge * * *." In Denison v. Jerome, 43 Colo. 456, 96 Pac. 166, it was held that under this statute administrators “in their official capacity, shall prosecute and defend on behalf of the estates represented by them. * * *” The right of an administrator to appeal is conferred by C.R.S. ’53, 152-1-8 (hereinabove quoted in part). From the opinion in Denison v. Jerome, supra, we quote the following pertinent language relating to the right of an administrator to appeal:
“* * * pUrp0Se Df conferring this right is to en *164 able him to more fully protect the interests committed to his care. The administrator represents the creditors and the whole of the estate, and it is his duty to take such steps as are necessary to prevent injury to the interests which he represents resulting from improper orders with respect to the estate of which he is the representative. The legal representative of interests involved in litigation prejudicially affected by the result is a party aggrieved within the meaning of the appeal statutes; hence, it follows that where an order is made in a proceeding against the estate to which the administrator is a party, which is prejudicial to the interests which it is his duty to protect, he may appeal therefrom in his representative capacity.* * *”
To like effect is Huling v. Feddersen, 105 Colo. 475, 99 P. (2d) 194, from which we quote the following pertinent language:
“The principal question for determination and the only one argued, is whether an administrator has the right of appeal to the district court from a judgment of the county court finally allowing a claim against the estate of the decedent which he represents. * * *”
This question was answered in the affirmative. The opinion contains, inter alia, the following:
“* * * Any injury to the interests of heirs, beneficiaries or creditors of the decedent arising through a diminution of the assets of the estate, even though not aggrieving the administrator personally, in legal effect is a grievance affecting him in his fiduciary and representative capacity within the meaning of the appeal statute. This is clearly determined in the case of Denison v. Jerome, 43 Colo. 456, 96 Pac. 166, where we expressly upheld the right of an administrator to appeal to the district court from a judgment of the county court allowing a claim against the estate which he so represented, and our pronouncements therein conclude the *165 question under consideration adversely to the contentions of plaintiff in error.”
It is argued that the cases above cited are not applicable to the instant case because of the different factual situation here presented.
The inventory filed in the estate discloses there were no assets other than the liability policy issued to deceased. This could only mean that until the claim was allowed there were no assets although there was the possibility even though it may have been remote, that undiscovered assets would be found. Prior to the allowance of the claim in dispute the estate was free from indebtedness. Following the allowance of the claim the estate was indebted in the sum of $15,000.00.
Whether the judgment allowing this claim against the estate would result in the creation of an asset in the hands of the administrator with which to pay the claim, is a question which was not adjudicated .in the hearing on the claim. Whether defenses might be successfully urged in a suit against the insurance company could not be determined in that hearing. The insurance company was not a party to the claim. The net result of the filing of the claim is that the estate ended up in a position $15,000.00 worse off than it was to begin with.
We hold that under these circumstances the administrator of the estate was a “person aggrieved” in his fiduciary capacity, and had full authority to prosecute the appeal on behalf of the estate. Under these circumstances no appeal bond was necessary. C.R.S. ’53, 152-1-8.
The judgment is reversed and the cause remanded with directions to reinstate the appeal and to proceed to trial de novo on the claim filed in the county court.
Mr. Chief Justice Day and Mr. Justice Sutton concur.