No. 12,506.

ESTATE OF WARNEKE.
FENN ET AL. *v.* KNAUSS ET AL.
(285 Pac. 945)

Decided March 3, 1930. Rehearing denied March 17, 1930.

Mr. RICHARD PEETE, Mr. GEORGE E. TRALLES, for plaintiffs in error.

Mr. NICHOLAS LAKUSTA, Messrs. EWING & ARNOLD, for defendants in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

ABOUT three and one-half months after the last will of William E. Warneke, deceased, had been admitted to probate in the county court of the City and County of Denver, and letters of administration had been granted to

Francis J Knauss, as executor, and Irene Wilkins Warneke, as executrix, thereof, all of the legatees to whom the will left specific legacies, aggregating $19,500, filed their verified petition in the county court asking for an order requiring the executors to pay their respective legacies in full at once. They averred that there were sufficient assets to satisfy all legacies and all demands against the estate. The proceeding is based upon section 5358, C. L. 1921, which reads: "Whenever it shall appear that there are sufficient assets to satisfy all legacies and all demands against the estate, the court shall order the payment of all legacies mentioned in the will of the testator, the specific legacies being first satisfied." Section 5361 of the same compilation, however, provides that such payment shall not be compelled "until bond and security be given by such legatees or distributees, to refund a due proportion of any debt which may afterward appear against the estate, and the cost attending the recovery thereof; such bond shall be made payable to such executor or administrator and shall be for his indemnity, and filed in the county court." The executors resisted the application below, as they do here, upon the ground that they should not be compelled to pay legacies until the one year statute of non-claim has elapsed from and after the granting of letters testamentary, because this statute must run before it can appear that there are sufficient assets to satisfy all legacies and demands against the estate, and upon the further ground that these provisions of our statute are intended to provide an executor with reasonable protection against the claims and demands that may appear after the expiration of the one year period and at the same time afford a method whereby legacies may be paid at the expiration of the one year period although for some reason the estate cannot be closed at that time.

Upon final hearing of this petition the county court found that the net assets of the estate over all known demands exceeded $95,000 and that it appears that there

are sufficient assets to satisfy all legacies and all demands against the estate, upon which finding the court ordered that the legacies in question be paid in full to the several legatees upon their filing in the court the bonds prescribed by section 5361, supra. The court further ordered that the executors might have thirty days for such payment and, if the same was not paid within that time, the amount of the legacies should be paid with 8 per cent. interest thereon from the date of the order until paid. Upon an appeal of the executors to the district court from this order, the reviewing court denied the petition and dismissed the same and awarded the executors judgment for their costs. The legatees are here with their writ of error to the final judgment of the district court.

In *Wilson v. The Board of Regents,* 46 Colo. 100, 102 Pac. 1088, a proceeding similar to this, we said that an executor has no such interest in an order of this character as entitles him to review it, and, therefore, held that the executor was not allowed to appeal from such order directing a partial distribution of the testator's estate, and we dismissed the petition at the costs of the executor. See, also, *Virden v. Hubbard,* 37 Colo. 37, 86 Pac. 113; *King v. Buttolph,* 30 Fed. (2d) 769; *Reddington v. Reddington,* 66 Colo. 485, 180 Pac. 675.

Notwithstanding we are prohibited from passing upon the merits of this application, because the executors here have not an appealable interest in the order complained of, we are constrained to say that such dismissal must not be taken as an indication, or even an intimation, by us that an order of this character should be entered at so early a stage as three and one-half months after letters of administration are granted, and before the expiration of the one year period which creditors are allowed within which to present their claims against the estate for allowance. In the very nature of things a county court cannot definitely and with absolute certainty determine that no additional claims will be presented for allowance within the one year non-claim pe-

riod, and it might prove a serious loss to the estate and entail unnecessary expense to an executor to compel distribution at so early a period of time as was ordered in this case. While some courts have held that such an allowance does not operate as a diminution of the assets of the estate, but is merely a substitute of bonds equivalent in value, we are not disposed to look with favor upon an order entered as this one was which might work a hardship to the estate and to its executors. But, as already stated, the executors have no appealable interest in the order of the county court.

The judgment of the district court is, therefore, reversed, and the court is hereby directed to vacate the same, and, in lieu thereof, to enter an order dismissing the appeal of the executors.