## No. 13,180.

ESTATE OF McMANIS.
DANKS ET AL. *v.* HERRMANN.
(31 P. [2d] 912)

Decided March 26, 1934.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. ARTHUR L. OLSON, Assistant, Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, for plaintiffs in error.

Mr. James P. Veerkamp, Mr. Henry J. Mueller, for defendant in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

This case involves the question of escheat.

On March 6, 1925, William McManis, an inmate of the State Soldiers' and Sailors' Home, died intestate, leaving $3,277.97 in cash. Upon application of one of the commissioners of the home, the county court of Rio Grande county appointed an administrator of the decedent's estate. On May 24, 1926, the administrator presented his final report showing the expenditure of $407.15, leaving a balance of $2,870.82 in his hands for distribution. The court ordered the money paid to the commandant of the home and discharged the administrator. Thereafter the defendant in error, Fannie McManis Herrmann, a nonresident of this state, claiming to be a niece of McManis and his sole heir at law, presented a petition praying that the county court set aside the order of distribution, reinstate the administrator, order the commandant to refund the money, and permit the petitioner to offer proof of her heirship and right to the estate. A demurrer filed by the commissioners and the commandant of the home was overruled, they stood upon the demurrer, and the court granted the prayer of the petition, whereupon the commissioners and the commandant sued out this writ of error.

The plaintiffs in error base their claim to the money, not upon the statutes relating to the administration of estates, but upon section 2 of Session Laws of 1917, c. 125, p. 465, being section 708 of the Compiled Laws. The title of that act is as follows: "An act to provide for the *sale* of unclaimed personal property, the effects of deceased members of the Colorado Soldiers' and Sailors' Home."

Section 707, Compiled Laws, provides: "The personal property and effects of deceased members of the Colorado soldiers' and sailors' home shall be held by the commandant of said home, subject to the claim of the heirs of such deceased members; *Provided,* That after holding such unclaimed property and effects for the period of six months, said property and effects shall be sold, and the proceeds of such sale shall be held by said commandant for the period of twelve months, and if still unclaimed by the legal heirs of the deceased member, the said proceeds of such sale shall be placed to the credit of the general fund of said home."

Section 708, Compiled Laws, provides: "All money of deceased members in the hands of the commandant of the home at the time of their death shall be held by said commandant, subject to the claims of the legal heirs, and if such money is not claimed by the legal heirs within a period of twelve months, the same shall become the property of said home."

1. It is contended by the defendant in error that section 708 does not come within the title of the act and therefore is void under section 21 of article 5 of the state Constitution, requiring the subject of an act to be "clearly expressed in its title," and rendering void so much of the act as shall not be so expressed.

The policy of our law is to have property descend to the heirs, subject to debts, in the manner provided in section 5151 of the Compiled Laws. Escheats and forfeitures are not favored by the law. 10 R. C. L. p. 613; *Dutton v. Donahue,* 44 Wyo. 52, 8 P. (2d) 90. A doubt as to whether property is subject to escheat is resolved against the state. *Dutton v. Donahue, supra.*

While the subject of section 707, so far as it provides for the *sale* of unclaimed personal property, is clearly expressed in the title, section 708 provides for the escheat of money not derived from the sale of personal property under the former section, and does not have any relation whatever to the "sale" of property, the sub-

ject expressed in the title. We hold that section 708 is void because the subject thereof is not clearly expressed in the title, and is not germane to the subject expressed in the title.

2. Section 5366 of the Compiled Laws relates to the administration of estates of deceased persons. It contains the following provision: ''If any heirs or legatees of any intestate or testator are unknown or, if known, and there is no person qualified to receive the legacies or distributive shares of such heirs or legatees at the time of making final settlement of the estate, the administrator or executor shall be ordered by the county court to pay any balances remaining in his hands into the state treasury, and the state shall be answerable for the same, without interest, any time within twenty-one years after the same shall have been paid into the treasury, to such person or persons as shall appear to be legally entitled to the same, upon the order of the county court having administration of the estate. After the lapse of twenty-one years from the time any such moneys shall be paid into the state treasury, and no claim therefor having been made and established by any person entitled thereto, said moneys shall become the property of the state, and shall be transferred to the public school fund thereof, and the state shall not be liable therefor.''

Section 707 should be read in connection with the statutes relating to administration of estates, so that they may be harmonized, if practicable. In cases where inmates of the home have died intestate, leaving no debts, and leaving articles of personal property of a value not sufficient to cover the cost of administration, the officers of the home doubtless were at a loss to know what to do with such property. Lacking authority to pass title, they could not sell it. The act of 1917 was intended to apply in such a situation. It was not intended to apply where the property left was sufficient to justify administration, particularly where there are creditors. It is unreasonable to suppose that the General Assembly

550

intended, where an inmate leaves property of substantial value, that the property may be sold by the officers of the home and the proceeds, in default of heirs, placed to the credit of the general fund of the home, regardless of the claims of creditors. That there were creditors in the present instance we infer from the fact that the final report shows expenditures amounting to $407.15. The officers of the home realized that a judicial administration of the estate was necessary, for one of the commissioners applied for such administration.

We conclude that section 707 has no application to cases where, as in the present case, judicial administration of an estate is necessary, and that in case of such administration, money unclaimed at the time of final settlement of the estate should be disposed of as provided in section 5366 of the Compiled Laws, and not under sections 707 and 708 thereof.

The judgment is affirmed.