No. 13,840.

PEOPLE *v.* CARTWRIGHT ET AL.

(63 P. [2d] 454)

Decided December 14, 1936.

438

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. LOUIS SCHIFF, Assistant, for the people.

Mr. C. C. CONANT, Mr. HENRY H. CLARK, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

IN the matter of the estate of Peter Fransen, pending in the county court of Arapahoe county, defendant in error Cartwright was appointed administrator June 21, 1920, and as required by statute, gave bond in the sum of $2,500, with the United States Fidelity and Guaranty Company as surety. This bond was conditioned upon the faithful discharge of his duties as administrator as provided by law and orders of court. It appears that final settlement of the estate was made about December 30, 1925, and a decree entered by the court adjudging that the heirs, or the heirs at law, of Fransen the deceased, are unknown, it further appearing that after all claims against the estate were paid, there remained in the hands of the administrator, the sum of $2,095.06. No order was entered by the court, directing the administrator to pay this balance into the state treasury as an escheat, as provided by section 5366, C. L. 1921, which section is in part as follows: "* * * If any heirs or legatees of any intestate or testator are unknown or, if known, and there is no person qualified to receive the legacies or distributive shares of such heirs or legatees at the time of making final settlement of the estate, the administrator or executor shall be ordered by the county court, to pay any

balances remaining in his hands into the state treasury, * * *."

Demand that this sum be paid to the state treasurer with interest was made and notice thereof served on Cartwright the administrator and the surety company by the state treasurer October 24, 1931. This demand was refused, and December 29, 1931, the attorney general brought suit in the district court in the name of the people against the administrator and the surety company for the amount demanded.

The complaint alleged the above facts, set out the bond and notice, and prayed for judgment, but it did not allege: That the administrator had been ordered by the county court to pay any balance remaining in his hands into the state treasury; that such order had not been complied with; or that the county court had refused to enter such an order. Demurrer to this complaint on two grounds was filed. The first ground being that insufficient facts were alleged against defendants or either of them; second, that another action is pending between the same parties for the same cause. The demurrer was sustained on both grounds, plaintiff elected to stand on the complaint, and now prosecutes this writ of error to reverse the judgment entered in favor of defendants.

The second ground of the demurrer was urged under section 56 of the Code of Civil Procedure, which provides in part as follows:

"The defendant may demur to the complaint * * * when it appears upon the face thereof; * * *

"Third: That there is another action pending between the same parties for the same cause;"

It is alleged in the demurrer: "That there is another action pending between the plaintiff and defendant United States Fidelity and Guaranty Company for the same cause, to-wit: the alleged right of the People of the State of Colorado to the payment of the sum of $2,095.06, alleged to be due the State of Colorado, by reason of the alleged non-existence of any heirs of Peter

Fransen, deceased; that said other suit is entiled, 'The People of the State of Colorado, plaintiff, vs. Wm. H. Dunn and United States Fidelity and Guaranty Company of Baltimore, Md., a corporation, defendants,' the same being case No. 2809 on the docket of this court, to which reference is hereby made.''

The record gives no further information concerning this action alleged to be pending; however, certain paragraphs of the complaint in that case are set out in defendant's brief by which it must be bound. The substance of these allegations are to the effect that about the 20th day of December, 1925, the administrator, Claude Cartwright, paid the sum of money involved in this action into the registry of the county court upon final settlement; that at that time William H. Dunn, as clerk of the county court, received the sum of money; that before entering upon his duties as such clerk, he provided a bond for the faithful performance of his duties and that the United States Fidelity and Guaranty Company, defendant herein, became surety on his bond; that Dunn failed, neglected and refused to deliver and turn over to his successor in office or to the state treasurer the sum of money involved in the Fransen estate; that suit was brought against Dunn and the surety in the name of people of the state of Colorado.

That this action against Dunn and the surety company is a different action against different parties on a different bond, is apparent. If the second ground of the demurrer was sustained by the court under the code provision, then the court was in error because it should have overruled that ground of the demurrer; however, it did properly sustain the demurrer on the ground of insufficiency of the complaint.

The provision of section 5366, C. L. 1921, supra, requiring the county court to order the administrator to pay certain funds remaining in his hands into the state treasury is mandatory and such statutory provision must be strictly construed. When the administrator Cart-

wright made his final report showing a certain balance in his hands and the court decreed that the heirs entitled thereto, if any, were unknown, then as to that particular matter, no discretion was lodged in the court; a statutory mandate confronted it and there could be no alternative but a strict compliance with its requirements. If the court failed to enter the mandatory order, the rights of all parties were preserved by a remedy in such cases made and provided. The administrator was, and is, a creature of the court and wholly subject to its directions in estate matters. The court retains jurisdiction of the subject matter as well as the administrator until the estate is finally closed and the administrator discharged. In the absence of the mandatory order, the administrator had no authority to pay the balance remaining in his hands into the state treasury and no action will lie against him to compel him to do the thing that is contrary to the provisions of the governing statute. In the absence of allegations in plaintiff's complaint, to the effect that the administrator had been ordered by the county court to pay the balance involved into the state treasury and that he had not complied with the order, or that the county court had refused to enter such an order, the complaint is insufficient as to statement of facts. Being so lacking, it was and is vulnerable to the first ground of the demurrer which was properly sustained. On this ruling of the district court, its judgment is affirmed.

Mr. Justice Burke, sitting for Mr. Chief Justice Campbell, and Mr. Justice Young concur.