## No. 16,233.

RISBRY *v.* SWAN, ADMINISTRATOR
OF THE ESTATE OF SMITH ET AL.
(239 P. [2d] 600)

Decided December 24, 1951.

Mr. John C. Young, Mr. John C. Young, Jr., Mr. Rush L. Young, for plaintiff in error.

Messrs. Haney & Howbert, for defendant in error administrator.

Mr. John W. Metzger, Attorney General, Mr. Allen Moore, Deputy, Mr. Donald C. McKinlay, Assistant, for defendant in error State of Colorado.

*En Banc.*

Mr. Justice Clark delivered the opinion of the court.

We will herein refer to the parties as they appeared in the trial court, where plaintiff in error was plaintiff and defendants in error were defendants.

Omitting the detail of allegations, plaintiff sets forth in her complaint the following:

1. That Charles V. Smith, a resident of El Paso County, died intestate May 10, 1946, leaving an estate; that thereafter Paul D. Swan was appointed and now is the duly qualified and acting administrator of said estate;

2. That deceased at the time of his death was sixty-eight years of age; that he was an illegitimate son of Mary Bernhardt; that he was a single man, never having married, and "left no widow nor child nor children nor descendants of children surviving him."

3. That plaintiff and deceased many years prior to the death of deceased lived in the same apartment house; that after becoming acquainted, they became fast friends, which developed into a romance and eventual engagement to marry; that the marriage was postponed from time to time for various reasons and never was consummated;

4. That following the engagement of plaintiff and deceased to marry, they entered into an oral agreement to execute mutual reciprocal wills, each leaving his or her entire estate to the other; that, pursuant to such agreement, plaintiff executed her will delivering the same to deceased, who placed it in his safety deposit box where it was found after his death; that said will had never been revoked by her in any way or manner; that plaintiff relied upon the promise of deceased to execute his will in her favor as agreed, but that apparently he was dilatory in this respect and died without having done so; that his death was sudden and without warning and that she believes he still would have kept his agreement had conditions permitted; that having fully performed her part of said mutual agreement, she became in equity entitled to specific performance on the part of deceased during his lifetime, and now is entitled to a decree of this court of such nature as to accomplish in effect what would have resulted from specific performance of the contract by deceased in his lifetime and is in equity entitled to all of the net assets of his estate in the same manner and to the same extent as if deceased had made a will in compliance with his agreement.

5. That plaintiff seeks no relief against the administrator of the estate and makes no claim that will diminish the assets thereof on final distribution or modify its

administration, and that the sole relief sought by her against defendant administrator is that he "be directed and be required to hold said net assets of said estate and not to distribute the same until it shall have been determined in this action as between plaintiff and they who otherwise would take under the laws of descent and distribution, as to whether they or plaintiff shall be entitled to said estate" and that if plaintiff be determined to be sole beneficiary thereof, that said defendant administrator pay the net distributive proceeds over to her.

6. That in view of the possibility of heirs at law whose names and addresses are unknown, such persons are made defendants as "all unknown persons who claim any interest in the subject matter of this action." The prayer in the complaint is in accordance with the allegations, and as to defendant administrator, it is only that he be required to hold the estate intact until it shall be determined whether distribution should be made to plaintiff or to the heirs at law of deceased. The State of Colorado is made a party defendant in view of the possibility that the relief sought by defendant be denied her and that no heirs at law of deceased appear; in which event the state would claim the estate by escheat. Aside from service upon the administrator and the State of Colorado, process was served by publication of summons. While motions of various kinds appear from the record to have been filed and disposed of by the trial court, none of them relate to or include objection as to the manner of service, and it is conceded by all parties that the court is a proper tribunal and had full and complete jurisdiction of both the subject matter and the parties.

The attorney general on behalf of the State of Colorado filed answer admitting the allegations in the first and second paragraphs of plaintiff's complaint, and as to the remainder thereof, states that it is without knowledge or information sufficient to form a belief, and therefore, denies the same and demands strict proof

thereof. The administrator defendant Swan filed answer admitting the first paragraph of the complaint and a like statutory denial of the remaining paragraphs thereof. Throughout the proceeding however, it was apparently admitted that the facts set forth in the first and second paragraphs of the complaint are true. On plaintiff's motion, by formal court order, default of all remaining defendants, named and unnamed and otherwise designated, was duly entered.

Some days following the formal entry of default of the nonappearing defendants, the trial court declined to permit plaintiff to make proof as against the said defaulting defendants on the ground that all of the evidence should be submitted and considered at the time of trial of the case on its merits. Within a few days thereafter, however, the court did, on plaintiff's motion, enter an order temporarily restraining the administrator from distributing the assets of the estate during the pendency of said action, or until further order of court.

When the case came on for trial on the merits, plaintiff voluntarily submitted herself as a witness in her own behalf, whereupon objection was promptly made on behalf of the State of Colorado, in which the administrator joined, challenging the qualifications of the plaintiff as a witness under the provisions of section 2, chapter 177, '35 C.S.A., designated in the briefs and arguments as the "witness statute," but commonly referred to in many texts and decisions as the "dead man statute." The court permitted plaintiff to testify, but reserved ruling upon the objection—renewed a time or two throughout her testimony—until the conclusion of the case, whereupon he granted appearing defendants' motions to strike all of said testimony; sustained the objections heretofore mentioned; refused to give such testimony any consideration, and entered judgment dismissing the action.

Plaintiff assigns twenty-four specifications of points why the judgment should be reversed; practically all

thereof referring, in one manner or another, to alleged error on the part of the trial court in sustaining objections to the testimony submitted by the plaintiff in her own behalf and declining to give it consideration in his findings and conclusions. We shall not undertake to treat these various specifications separately nor to discuss all phases of the law raised thereby, but shall confine ourselves to the principal proposition as to whether or not, under the statute, the plaintiff was incompetent or in anywise barred from appearing as a witness in her own behalf.

The portion of section 2, chapter 177, '35 C.S.A., pertinent here, reads as follows: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, by virtue of the foregoing section, when any *adverse party* sues or defends as * * * the executor or administrator, heir, legatee or devisee of any deceased person." (Emphasis supplied.) After the quotation above, the statute follows with certain exceptions. Plaintiff was not called as a witness by any adverse party, and does not come within any of the exceptions mentioned in the statute.

The trial court in ruling upon the objections to plaintiff's testimony and declaring it incompetent for any purpose, announced in substance that the plaintiff stands in the position as one who makes a "claim against the estate"; that she claims as a stranger and not as either an heir at law in which she has no standing, or as a devisee or legatee, no will having been executed by the deceased in her favor; that her action is in the nature of a suit for specific performance of a contract to make a will; that the court cannot make a will for the deceased and that if judgment was rendered for plaintiff, she still would not be a devisee or legatee.

It is well at this point to consider the status of the plaintiff and to determine whether or not she brings this action in a capacity analogous to that of a claimant

against the estate or, as one who is interested in seeing the assets of the estate preserved and protected, that the interest for which she contended may be left undissipated for distribution to her in event of conclusion of this litigation favorable to her. Ordinarily a claimant against the estate of a deceased person is one who seeks payment or some sort of financial satisfaction in a certain, specific amount. In event such claim be sustained, the estate, through the representative thereof, must make payment to that extent and the assets of the estate become depleted in that amount. Here the plaintiff seeks in no way or manner a money judgment or redress in specific amount, but, on the other hand, asserts that by virtue of the contract entered into between herself and deceased, she would have been the sole legatee and devisee of his estate had that contract been performed. She simply calls upon the equitable powers of the court to see to it that that is done which ought to have been done. We are not without precedent that such a proceeding is recognized as proper in this jurisdiction. *Oles v. Wilson, Executor,* 57 Colo. 246, 141 Pac. 489, wherein was sought equitable relief similar to that prayed for in the instant action. At page 256 is the following statement: "The difference between a 'demand against the estate,' within the meaning of the statute, and the rights of the claimant under a contract like the one at bar, is radically and sharply defined. The former is a demand against the estate which must be paid or satisfied in advance of distribution, while the latter is a right or interest in the estate, an equitable ownership therein, after the claims against the estate have been allowed and paid."

The plaintiff here, as in the Oles case, supra, seeks only to impress a trust upon the property of the deceased "after his debts are paid and the costs of administration discharged." She claims as an equitable devisee under a will which should have been executed pursuant to contract, as was the situation in the Oles case, the

only difference being that therein the contract was written whereas here it was unwritten.

■ There is no question that the plaintiff appears here as a person directly interested in the outcome of this action. A difficult question for decision is the position of the administrator, namely, Does the administrator defend as an adverse party? The trial court in his findings and comments aptly remarks that it is the duty of the administrator "to defend the estate for those who may be entitled to it." This duty is imposed upon him by statute, by court pronouncements, by moral and ethical standards, and by common sense. However, the administrator of an estate is not its representative in the capacity of an attorney whose obligation is to oppose and defend against all comers, but it is his duty to serve as a trustee in the preservation of all of the assets of the estate for the benefit of all persons who have legal rights or interests therein. Even as against creditors who file claims, his duty goes only to the extent that he is convinced that the claim is fair, just and properly allowable, and from then on his duty is to creditors in the preservation of the assets of the estate, and to see to it, if possible, that the claim is paid. While he is, to the best of his ability, to see that no fraudulent, excessive or improper claim of a creditor is allowed, nevertheless, if properly proven, the creditor falls within the same classification as other beneficiaries. In this the obligation of the administrator is to represent and protect the estate for the benefit equally of all who have an interest therein. *Huling v. Feddersen,* 105 Colo. 475, 99 P. (2d) 194.

It is for the court of proper jurisdiction, and not for the administrator, to say who are or are not the beneficiaries entitled to receive or share in the proceeds of the estate. Where controversy arises in this respect, it is the duty of the contestants to prosecute their respective claims and demands, one against the other, while the only duty of the administrator is to preserve,

protect and defend the estate against dissipation until such controversies, if any, shall be determined, and then to distribute the assets in accordance with the decree, order or direction of the court. *Barth, Executor v. Richter,* 12 Colo. App. 365, 55 Pac. 610; *Virden v. Hubbard,* 37 Colo. 37, 86 Pac. 113; *Fenn v. Knauss,* 87 Colo. 175, 285 Pac. 945.

In *Wilson, Executor v. Board of Regents,* 46 Colo. 100, 102 Pac. 1088, a case wherein was involved the question of right of appeal, and which was cited with approval in *Fenn v. Knauss, supra,* we said: "Only parties aggrieved may appeal. The word *aggrieved* refers to a substantial grievance, the denial to the party of some claim of right, either of property or of person, or the imposition on him of some burden or obligation. It is not apparent that appellant [executor] is thus affected by the order complained of. He is not concerned in the slightest degree, in any legal sense, with the question of the proposed partial distribution of the residuum of said estate. * * * He has no personal interest in it; he acts purely in a representative and official capacity." The appeal was dismissed. To clearly express our thought, we paraphrase the language of the foregoing quotation, as follows: "Only parties adverse may object. The word *adverse* refers to one who is against, is opposing, antagonistic; 'having opposing interests; having interests for the preservation of which opposition is essential' (Webster's International Dictionary). It is not apparent that the administrator is thus affected by the proceedings here. He is not concerned in the slightest degree, in any legal sense, with the question of whom may eventually be declared the beneficiary of the residuum of the estate following payment of creditors, claims and costs. He has no personal interest in it; he acts purely in a representative and official capacity."

As a matter of fact, should the plaintiff succeed in establishing to the satisfaction of the court the contract under which she claims and her rights thereunder as

equitable devisee and legatee, she would become the sole beneficiary of the estate. Under such circumstances the duty of the administrator would be in the preservation of the estate in her behalf. No more is it the duty of the administrator to take part in the controversy as a defender of the heirs, than it would be his duty, were he so disposed, to take the side of plaintiff in her contention that she is the sole beneficiary as equitable legatee. In either event, the administrator has no personal interest. He goes beyond his duty when he espouses the claim of one claimant against the other, regardless of which side he aligns himself with. His province is to remain neutral on such issue until it is settled by proper and final judgment of the court; to preserve and protect the estate in the meantime, and to disburse it as the court shall direct him.

The foregoing likewise is supported in other jurisdictions and by the general rule as announced in 58 American Jurisprudence, page 154, section 230, from which we quote: "Accordingly, the statutes [dead man statute] are frequently held to be applicable only when the witness is interested in establishing a claim against or defeating the claim of an estate, and thus inapplicable when proceedings are among the heirs or legatees affecting the distribution of the estate. The estate as an entity is not interested in such proceedings; the persons in interest are those claiming to share in the distribution as heirs, devisees, legatees, or distributees. Since the effect of the proceedings is neither to increase nor diminish the estate, it cannot be said to be a party thereto."

In the recent case of *In re Kessler's Estate, Linton v. Walker*, 32 Cal. (2d) 367, 196 P. (2d) 559, the supreme court of California said: "It is generally recognized that executors and administrators acting in their representative capacities are indifferent persons as between the real parties in interest and consequently cannot litigate the conflicting claims of heirs or legatees at the expense

of the estate." Citing several California cases. Further on it is again said: "The beneficiaries must then protect their own rights, and it is not the duty of the executor or administrator to litigate the claims of one against another."

The above mentioned California case was cited with approval and followed by the supreme court of Nevada *In re Ray's Estate, Petition of Nye* (Nevada), 233 P. (2d) 393, decided June 27, 1951, and again in *In re Ray's Estate, Petition of Barringer* (Nevada), 236 P. (2d) 300. See, also, *Faden v. Estate of Midcap,* 112 Colo. 573, 152 P. (2d) 682.

From the Midcap case we indulge the following quotations which will be found in 112 Colo. 578, 579: " 'That parties may be witnesses is now the settled policy of the state [In Colorado, '35 C.S.A., c. 177, §1, as amended by chapter 236, '41 S.L., p. 924]. The exception engrafted upon the general competency of all parties [In Colorado, '35 C.S.A., c. 177, §2], that where one is dead and is represented in the suit, then the living party shall not be permitted to testify, is only a regulation to secure mutuality in the action itself. The admission of such testimony affects no one but the parties, and none but the parties are interested in the exercise of the power given to exclude this testimony.' * * * *Rowland v. Rowland,* 40 N. J. Eq. 281." Then, to quote further, we said: "The statute of defendant in error's reliance provides in terms that a claimant in the situation here, if called by the representative of the estate for that purpose, is competent to testify of and concerning his claim, and, by judicial decision, as we are persuaded, competency also attends where, proceeding without objection, claimant voluntarily testifies in that behalf. * * * "

▇▇ Here it may be said, however, that plaintiff herself makes the administrator an adverse party by designating him as a defendant. To this the answer is that the administrator undoubtedly is a necessary party to the action, but this does not make him a party to the

issue. There is a vast difference between those who are required to be made formal parties, or those who have no personal interest in the result of the controversy, and those who are required to be made parties because of their respective personal and property interests involved in the issue to be determined. In 58 American Jurisprudence, at page 150, section 220, the author says: "The statute contemplates only the proper parties to the record. The fact that an executor or administrator is a party to an action or proceeding does not make the dead man statute applicable where the representative is merely a nominal party."

To summarize then, it logically follows and we hold that the administrator being under no obligation to defend the issues raised in this action, is not, under a proper interpretation of the "dead man statute," an adverse party, and is without right to interpose an objection to evidence offered by the plaintiff as a witness in her own behalf.

■ It is clearly apparent that the State of Colorado is not such a party to this proceeding as comes within any of the provisions of the statute referred to. It is neither an heir nor a beneficiary. The best that can be said for it is that it has a conditional and defeasible future contingent interest, which will come into maturity only in the event that there be neither heir nor other beneficiary to the estate. Escheats are not favored in the law. *Estate of Mc-Manis, Danks v. Herrmann,* 94 Colo. 546, 548, 31 P. (2d) 912. The defendant, the State of Colorado, has presently no enforceable claim against this estate, and strictly construed, may well be said at the present time not to fall even within the classification of "adverse party" since it becomes entitled to no right of enforcement until the court in whose hands the estate is being administered shall enter a proper decree directing the personal representative to pay the money over to the state treasurer pursuant to the escheat statute. *People v. Cartwright et al.,* 99 Colo. 437, 63 P. (2d) 454.

■ On behalf of the appearing defendants, however,

it is contended that even though it be assumed that neither the administrator nor the State be qualified to interpose an objection to the testimony of plaintiff as a witness in her own behalf, under the provisions of the dead man statute, nevertheless, it would be the duty of the court on its own motion to decline to permit such testimony to stand. No matter how cogent and logical may be the argument of counsel in support of that contention, the fact nevertheless remains that in this jurisdiction the rule has been well established that a party to a civil action may voluntarily testify therein in his own behalf regardless of the dead man statute, unless a properly qualified adverse party makes timely objection. In other words, it is such an objection which, if not properly and timely presented, may be waived. *Estate of Koch, Koch v. Garnier et al.,* 110 Colo. 562, 571, 136 P. (2d) 673.

In *Prewitt v. Lambert,* 19 Colo. 7, 10, 34 Pac. 684, an action wherein defendant unsuccessfully claimed to be defending as an administrator, and, as such, entitled to invoke the cloak of incompetency as a witness by objection pursuant to the dead man statute, is the following: "The defense was not sufficient either in form or substance to warrant the court in holding that the defendant was *in good faith* defending as an administrator. The defense does not assert that defendant had any of the property in controversy in his possession or included in his inventory. Beneficent as the statutory rule is, which precludes parties and persons interested in an action from testifying therein when the opposite party sues or defends as an administrator, the rule must be judiciously applied, or it may work great wrong and injury. The rule does not properly apply, unless it unquestionably appears that the party invoking its protection is suing or defending in his representative capacity. * * * "

By the foregoing quotation, be it understood, we do not for one moment question the good faith of the defendant administrator in the case at bar. If we substitute for that reference in the quoted paragraph, however, the words

580

"without right," or "without or beyond duty," the rule announced would, in effect, remain the same. While the defendant administrator in this case appears and defends, we are convinced that his duty as administrator is no more to the heirs than it is to represent the plaintiff, but lies solely in the preservation of the estate until it be determined who is or are the legal beneficiary or beneficiaries thereof. He is not here defending in his "representative capacity," nor on behalf of the estate. Not being an "adverse" party in the proper sense of the term, he had no right to object to competency of plaintiff as a witness under the statute, and when he did object, his objection should have been overruled.

Had any heir at law of deceased appeared and defended the action, such objection raised on his behalf would have been valid, because raised by an adverse party defending as an heir. No heir appears; no heir defends. The statute does not say "where heirs are named defendants," but such "heirs" must "defend." Here the heirs, if any, defaulted.

 Lastly, it is contended that although assuming plaintiff is a competent witness in her own behalf, yet she has failed to support her cause by sufficient, competent and satisfactory evidence to entitle her to the relief she demands. On this account we are urged to affirm the judgment. We are not the triers of facts; that being the peculiar province and duty of the trial court. The trial court in this instance did not consider the plaintiff's testimony. We know not what findings and conclusions he would have reached in this matter had he done so. We shall not usurp his prerogative in this respect.

As a by-line and possible guide, we wish to add the comment that this case presents a quite unusual and rather unique situation, one which will doubtless infrequently arise. Great care, therefore, should be had that it be not applied other than under an identical factual situation as here presented.

For the reasons herein stated, error is manifest in the

exclusion of the plaintiff's testimony. It is not necessary to discuss assignments other than as covered herein. The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

MR. CHIEF JUSTICE JACKSON not participating.

MR. JUSTICE STONE dissents.