No. 21938.

Helen Croke Meier, Executrix of the Estate of Henry J. Meier, Deceased, and Helen Croke Meier, individually *v.* Denver United States National Bank, as Trustee of the testamentary trust of Henry J. Meier, Albert Latham, Jr., as Guardian Ad Litem, Thomas Joseph Meier and John Henry Meier.

(431 P.2d 1019)

Decided October 2, 1967.

AKOLT, SHEPHERD & DICK, LAEL S. DEMUTH, for plaintiffs in error.

DAVIS, GRAHAM and STUBBS, WALTER B. ASH, WILLIAM A. HILLHOUSE II, ALBERT LATHAM, JR., ALICE LOVELAND, for defendants in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS writ of error is directed to a decree of the Denver Probate Court construing the Last Will and Testament of Henry J. Meier. We will refer to the plaintiff in error, Helen Croke Meir, as the plaintiff herein, and to the defendants in error collectively as the defendants or by name.

Plaintiff, as executrix of the estate of Henry J. Meier, filed a petition in the probate court for a construction of certain language employed in the testator's Will. So far as relevant here, the Articles of testator's Will read as follows:

"ARTICLE I.

"I request and direct that my Executrix shall pay all succession, estate and death taxes that may be levied by reason of my death without any right to require contribution from any person.

"ARTICLE II.

"I give, devise and bequeath unto my beloved wife, HELEN CROKE MEIER, assets equal to Thirty-One and Twenty-Five Hundredths Percent (31.25%) of the total value of all property of which I may die seized, real and personal and whether the title thereto be legal or equitable and wheresoever situate.

"I give, devise and bequeath unto my beloved sons,

JOHN HENRY MEIER, and THOMAS JOSEPH MEIER, assets equal to Thirty-One and Twenty-Five Hundredths Percent (31.25%) of the total value of all property of which I may die seized, real and personal and whether the title thereto be legal or equitable and wheresoever situate, share and share alike. * * *.

"ARTICLE III.

"In the event I shall be survived by my wife and she shall be living at the time this will is admitted to probate, the remaining Thirty-Seven and Fifty Hundredths Percent (37.50%) of the value of the assets of which I shall die seized I give, devise and bequeath unto the DENVER UNITED STATES NATIONAL BANK, Denver, Colorado, a national banking institution, Trustee, IN TRUST, NEVERTHELESS, under the following terms and conditions, to-wit:

"1. The beneficiary of this trust is my beloved wife, HELEN CROKE MEIER."

"2. (Provides for payment for life of income and principal for plaintiff's support with any remaining portion to other beneficiaries.)

Plaintiff contended in her petition that Article III constitutes the residuary clause of the Will, and that Article II creates specific gifts to the named beneficiaries. The defendant Denver United States National Bank, answered the petition in its capacity as trustee and asserted that Articles II and III conjunctively represent a disposition of the residuary estate. In its decree the probate court accepted in substance the Bank's contention and found that Articles II and III of the Will created fractional interests in the residuary property by establishing a formula for disposition of the entire estate. Plaintiff, being dissatisfied with that construction, thereupon brought this writ of error in her individual capacity and as executrix of the estate.

If the trial court's construction is upheld it means that the share bequeathed plaintiff in Article II will be reduced by the amount of death taxes payable thereon,

which taxes would otherwise be paid out of the 37.50% bequeathed in Article III. This further means that since plaintiff will receive the income for life, together with any principal necessary for her support from the portion in Article III, and other persons will receive any remaining principal on her death, it actually reduces the value of her share.

The cardinal rule in the construction of a will is that the Court shall determine the actual intent of the testator from the instrument in its entirety and, having ascertained that intent, shall carry it out, provided that the testator's intent conforms to law and public policy. *Heinneman v. Colorado College*, 150 Colo. 515, 374 P.2d 695 (1962); *Bacon v. Nichols*, 47 Colo. 31, 105 P. 1082 (1909). The question presented, then, is whether the probate court's construction of Henry J. Meier's Will conforms to the testator's intent as expressed in the language of his Last Will and Testament.

In the instant case the evidence presented to the probate court relevant to the testator's intent consisted solely of the Last Will and Testament itself. The construction of a written instrument being a question of law [*Alley v. McMath*, 140 Colo. 600, 346 P.2d 304 (1959); *Van Diest v. Towle*, 116 Colo. 204, 179 P.2d 984 (1947)] and this court, having the instrument before it, is not bound by the probate court's findings.

As we view it here, the testator's intent finds clear manifestation in the terms of Article I. That section directs his executrix to "pay all succession, estate and death taxes that may be levied by reason of my death without any right to require contribution from any person." A testator has the undisputed power to direct that legacies be paid to the legatees without deductions for death taxes. In such a case the taxes, unless otherwise provided for, are paid out of what the testator intends as the remainder of his estate. See *Weiss v. Grant*, 87 Colo. 144, 286 P. 114 (1930).

The death taxes referred to by this testator,

*i.e.*, the federal estate taxes and the Colorado inheritance and succession taxes, must be paid by the executrix under the provisions of the Internal Revenue Code, 26 U.S.C.A. § 2002 and C.R.S. 1963, 138-3-29. She may treat these taxes as a part of the cost of administration under the above statute, and as a claim against the estate under C.R.S. 1963, 153-12-2(c). In turn such claims against the estate are satisfied by contributions or abatements from the bequests and devises of the testator's Will or by payment from the estate assets if the testator so provides.

Our construction of Article III is that it is the sole residuary clause and that the bequests under Article II are primary and non-residuary. To hold otherwise would mean that there are no donative clauses in the Will except for the "residuary" dispositions — a highly unusual format for a lawyer-drawn instrument. Then, too, the location of Article III at the end of testator's Will as well as the use of the word "remaining" therein support our interpretation that it alone was meant to be the remainder clause.

Defendant Latham contends that this action should be dismissed on the ground that plaintiff has no interest in the subject matter. Although this is the rule in certain cases [see *Fenn v. Knauss*, 87 Colo. 175, 285 P. 945 (1930); *Virden v. Hubbard*, 37 Colo. 37, 86 P. 113 (1906); and *Barth v. Richter*, 12 Colo. App. 365, 55 P. 610 (1898)], it does not apply in the instant case. Here the decree of the probate court adversely affected plaintiff's distributive share under the testator's Will. Plaintiff thereby acquired status as an aggrieved party entitled to bring this writ of error in her individual capacity.

The judgment is reversed.

Mr. Chief Justice Moore dissents; Mr. Justice McWilliams not participating.