No. C-12.

In the Matter of the Estate of Frank Roy Flanigan, a/k/a Frank R. Flanigan, a/k/a F. R. Flanigan, Deceased. Dan M. Flanigan, Beneficiary under the Will and Son of Frank Roy Flanigan, Deceased *v.* Gerald F. Flanigan, Executor of the Estate of Frank Roy Flanigan, and Edith G. Flanigan, Surviving Spouse of Frank Roy Flanigan.

(488 P.2d 897)

Decided September 13, 1971.

Phillips & Gresham, Tom Stifler, for Dan M. Flanigan, appellant.

TARTER AND TARTER, for Gerald F. Flanigan, appellee.

SPURGEON, AMAN & HANES, RICHARD HANES, for Edith G. Flanigan, Appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THIS appeal was originally lodged in the Court of Appeals. It is here by virtue of a C.A.R. 50 transfer. The sole issue being litigated relates to the construction of the will of Frank R. Flanigan, deceased. The following two paragraphs of the will create the dispute to be resolved:

"SEVENTH: I hereby give, devise and bequeath unto my beloved wife, EDITH G. FLANIGAN, to have and to hold as her sole and separate property, one-half (1/2) of my entire estate, less claims, expenses of administration, inheritance taxes and Federal Estate tax."

\* \* \*

"SEVENTEENTH: I hereby direct that all inheritance, estate taxes or other death or succession taxes on property passing under this, my LAST WILL AND TESTAMENT, except as hereinabove otherwise provided in paragraph SEVENTH hereof, shall be paid by my executor as an expense of administration without reimbursement to my estate from the share of, any beneficiary, legatee or devisee hereunder."

The single issue is to determine whether (a) the testator intended to give his widow one-half of the (estate minus claims, administration expenses, and taxes), *or* (b) was it his intention to give his wife (one-half of the estate) minus (claims, administration expenses, and taxes).[1] The deduction of the whole of the claims, expenses of administration and taxes from the

[1] The question may be stated algebraically: Did testator intend to give his widow 1/2 $(X - Y)$ or $(1/2\ X) - Y$?

widow's half makes a substantial reduction in the portion of the estate she would receive, and, by the same token, would increase the shares of the two sons. Also, such a deduction would reduce the marital deduction and thereby increase the federal estate taxes.

Appellee, the widow of the testator, contends that the intent of the testator is found in alternative (a), and the appellant, Dan M. Flanigan, son of testator, contends that the testator's intent is properly expressed in alternative (b).

The trial court in deciding the issue held:

"* * * that the intent of the Testator and decedent as expressed with the terms contained in the said Will is hereby construed to be that the surviving spouse is to receive under the Will one-half of his probate estate less the proportionate share of death taxes, both Colorado Inheritance and Federal Estate, expenses of administration and debts of the decedent chargeable to the portion of the decedent's estate taken by her and that she shall receive and take under said Will the special bequests therein bequeathed to her plus one-half of the estate of the said decedent chargeable only with her proportionate share of said death taxes, expenses of administration and debts of the decedent."

We agree with the trial court and therefore affirm its judgment. It is a cardinal rule in the construction of wills that the court determine the intent of the testator from the instrument in its entirety. *Meier v. Denver U.S. National Bank,* 164 Colo. 25, 431 P.2d 1019, and *Heinneman v. Colorado College,* 150 Colo. 515, 374 P.2d 695.

Paragraph *Seventeenth,* the tax emplacement clause, *directs* that payment of all death taxes and expenses be paid as expenses of administration, whereas Paragraph *Seventh,* a dispositive clause, gives the widow one-half of his *"entire estate,* less claims, expenses of administration, inheritance taxes and Federal Estate tax." There is no *direction* in Paragraph *Seventh* that taxes,

claims and expenses be *paid from* one-half of the wife's share of the estate, whereas in Paragraph *Seventeenth* the direction is that *all* of these burdens shall be paid by the executor as an expense of administration without reimbursement from the share of "any beneficiary, legatee or devisee," subject to the exception in Paragraph *Seventh.*

If the second alternative is adopted, Paragraph *Seventeenth* performs no function. Only by adopting the first alternative, as the trial court did, is it possible to give any meaning whatsoever to Paragraph *Seventeenth.* By the exception of Paragraph *Seventh,* the testator must have intended that "less claims, expenses of administration, inheritance taxes and Federal Estate tax," meant that an amount equal to one-half of these charges were to be deducted from her one-half portion of the gross estate after they had been paid as directed in Paragraph *Seventeenth.*

The testator in Paragraph *Seventeenth* exonerated all beneficiaries under the will from the payment of *all* death taxes. It is not consistent with reason that by Paragraph *Seventh* that the testator intended to shift the burden of *all* claims, taxes, and administration expenses to the one-half interest bequeathed to his wife. To repeat, to do so would place the burden of all claims, taxes and expenses on the widow's share, just as though Paragraph *Seventeenth* did not exist. If possible, effect must be given to every provision. By adopting the trial court's interpretation, we feel that we reach the conclusion most consistent with what must have been the desires of the testator at the time he executed his will.

It should also be noted that there is no language in the subject paragraphs nor elsewhere in the will that manifests any intent to reduce the wife's share to less than one-half of the net estate after the payment of claims, taxes and costs of administration. Too, the widow could achieve substantially the same result as she contends for under the will by renouncing the will and

electing to take under the·statute, C.R.S. 1963, 153-5-4. It is reasonable to presume the testator did not intend that his widow would have to resort to such procedure in order to receive a full one-half interest, subject only to diminution to the extent of one-half the amount of claims, expenses of administration and death taxes.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE dissenting.