In the Matter of the ESTATE OF Jacob J. WALTER, Deceased.

Katie J. Walter, Petitioner–Appellant,

v.

Adam J. Walter, Personal Representative of the Estate of Jacob J. Walter; M. Margaret Semple, Heir; Rose Evans, Heir; Adam Walter, Heir; and the Estate of Robert Walter, Deceased, Respondents–Appellees.

No. 02CA1574.

Colorado Court of Appeals, Div. V.

Nov. 20, 2003.

Certiorari Denied Aug. 16, 2004.

Karen S. Renne, Pine, Colorado, for Petitioner–Appellant.

Epperson, and McClary, Andrew F. McClary, Fort Morgan, Colorado, for Respondent–Appellee Adam J. Walter.

Edward L. Zorn, Fort Morgan, Colorado, for Respondent–Appellee M. Margaret Semple.

Montgomery Little & McGrew, P.C., Patrick T. O'Rourke, Greenwood Village, Colorado, for Respondent–Appellee Rose Evans.

Gordon F. Esplin, Fort Collins, Colorado, for Respondent–Appellee Adam Walter.

Arnold Ross and Singer, LLP, Michael K. Singer, Sterling, Colorado, for Respondent–Appellee the Estate of Robert Walter, Deceased.

Opinion by Judge ROY.

In this probate proceeding, petitioner, Katie Walter (heir), a sister and heir of Jacob J. Walter (testator), appeals a trial court order finding that she is not an interested party in testator's estate and that, following the termination of a trust for a term of years, the estate escheats to the State of Colorado if none of the income and residuary beneficiaries survive at that time. We affirm.

Testator executed his Last Will and Testament (the Will) on August 18, 1997, and died August 6, 1999, without issue. His wife pre-

deceased him. Testator was survived by five siblings, one nephew, and one niece.

The Will, in pertinent part, states:

[I]t was agreed upon by us before her [wife's] death that certain [of wife's] relatives and [my] relatives would participate in my estate. So, persons so named in this my Will of both sides of our families named will participate, and any of these not named, I am not unmindful of these persons but they will not participate, other than so named and devised.

Testator then bequeathed certain real and personal property to three of his siblings who are also beneficiaries of the residuary trust. The residuary was places in a trust for twenty years, naming the three siblings and a nephew (devisees), or the survivors of them, as income and remainder beneficiaries. With respect to the residuary trust, the Will states:

I ... devise ... all the rest, residue and remainder of my property ... including the amount of any devise or bequest that may lapse or fail to take effect to my Trustees, hereinafter named in Trust ... and the rents and interest, accumulated from said Trust shall be paid out annually to the following persons as follows: To [devisees], in equal shares but if any of the above die, then to the survivors in equal shares.

. . . .

The Trust shall terminate twenty years after my death, with all real estate being sold at that time and the principal and interest accrued shall be devised to the following: To [devisees], but if any of the above are deceased, at the period ending twenty years, then to the survivors named above in equal shares.

Despite the recitation of an agreement with his wife to divide his estate between their families, testator made no bequests to members of her family. In addition, the youngest beneficiary of the trust now living was sixty-nine years old on testator's date of death and will have to survive to eighty-nine to survive the termination of the trust.

The named personal representative sought to admit the Will to informal probate. Heir challenged the Will, asserting lack of capacity and undue influence. Following a bench trial, the trial court rejected that challenge, but deferred ruling on the testamentary trust.

Heir, together with a sister (omitted heirs), then filed a petition for declaratory judgment, pursuant to § 15–11–101, et seq., C.R.S.2003, and C.R.C.P. 57, in the probate proceedings. They asked the court to determine that they were contingent beneficiaries of the trust, which would entitle them to notice of any private successors' agreement initiated by the devisees. The devisees argued that the omitted heirs were excluded from the estate, and so they were not contingent remaindermen or beneficiaries of the trust and have no interest in the estate.

After a hearing, the trial court concluded that the omitted heirs must be notified in writing if the devisees desire to alter the distribution of the trust assets or enter into a private agreement among successors pursuant to § 15–12–912, C.R.S.2003. The trial court further required that the omitted heirs, upon request, receive an annual accounting and other information set forth in § 15–16–303, C.R.S.2003.

A devisee filed a motion to reconsider the order as it related to an annual accounting. Following a response from the omitted heirs, the court granted the devisee's motion and dismissed the omitted heirs' petition for declaratory judgment for lack of standing and ripeness.

Three of the devisees then filed a motion to construe the trust provisions of the Will and approve a proposed private agreement authorized by § 15–12–912. One of the devisees requested a determination that the four devisees were the only persons affected by the terms of the trust.

The trial court, through a different judge, concluded that the omitted heirs have no interest in the estate and are not required to be parties to, or to have notice of, a private agreement under § 15–12–912. It also concluded that the devisees constitute the only persons who are affected by the terms of the Will within the meaning of § 15–12–912 and that they may enter into a private agree-

ment. However, the trial court further concluded that the "State of Colorado should be notified of any agreement" because of the possibility of "an escheat to the State." Heir appeals the order.

## I.

Heir first contends that the trial court's earlier order requiring that she be notified of any proposed agreement determined that she had an interest in the estate and constituted the law of the case. Therefore, she argues that the subsequent order to the contrary violated the law of the case doctrine. We disagree.

The law of the case doctrine is a discretionary rule providing that courts must generally follow prior rulings in the same case. *Fortner v. Cousar*, 992 P.2d 697 (Colo. App.1999); *Verzuh v. Rouse*, 660 P.2d 1301 (Colo.App.1982). The doctrine applies to decisions of law, rather than to the resolution of factual questions, and it discourages reconsideration only of the ruling itself, not of a court's preliminary opinion on questions of fact or law related to the ruling. *Fortner v. Cousar, supra; Governor's Ranch Prof'l Ctr., Ltd. v. Mercy of Colo., Inc.*, 793 P.2d 648 (Colo.App.1990). Rulings that are "avowedly preliminary or tentative[ ] do not trigger law of the case consequences." *Governor's Ranch Prof'l Ctr., Ltd. v. Mercy of Colo., Inc., supra*, 793 P.2d at 650 (quoting 18 C. Wright et al., *Federal Practice and Procedure* § 4478 (1981)).

Further, every ruling or order made in the progress of an on-going proceeding may be rescinded or modified during that proceeding upon proper grounds. The fact that one judge hears the pending motions does not impair the power of a second judge to act in this manner. *Broyles v. Fort Lyon Canal Co.*, 695 P.2d 1136 (Colo.1985). The second judge may modify a prior ruling as necessary if new facts, changes in the applicable law, or other persuasive circumstances warrant such modification. *Provo v. Indus. Claim Appeals Office*, 66 P.3d 138 (Colo.App. 2002)(*cert. granted* Mar. 24, 2003).

Here, the trial court's earlier order requiring notification to the omitted heirs was preliminary in nature, was made during on-going proceedings, and therefore was not the law of the case. The earlier order did not conclude that the omitted heirs were contingent beneficiaries of the trust. It was, in effect, a preliminary ruling to protect the interests, if any, of the omitted heirs until the court finally construed the Will and determined their status. That final order is now on appeal.

Thus, in issuing the final order, the court did not violate the law of the case doctrine.

## II.

Heir further contends that the trial court erred in concluding that testator's Will specifically excluded the omitted heirs and that the omitted heirs are not contingent beneficiaries of the trust. We disagree.

Heir argues that because the devisees may not survive the termination of the trust in 2019, the remainder interest should pass by intestate succession. The argument is premised on § 15–11–101(1), C.R.S.2003, which states that "[a]ny part of a decedent's estate not effectively disposed of by will or otherwise passes by intestate succession to the decedent's heirs as prescribed in this code, *except as modified by the decedent's will*" (emphasis added).

Section 15–11–101(2), C.R.S.2003, further explains how a will can modify § 15–11–101(1):

A decedent by will may expressly exclude or limit the right of an individual or class to succeed to property of the decedent passing by intestate succession. If that individual or a member of that class survives the decedent, the share of the decedent's intestate estate to which that individual or class would have succeeded passes as if that individual or each member of that class had disclaimed his or her intestate share.

The question presented, therefore, is whether the language in the Will is sufficient under § 15–11–101(2) to eliminate intestate succession to the remainder interest under § 15–11–101(1). At the outset we note that if there is no designated remainder, the prop-

**192**

erty passes by intestacy upon termination of the testamentary trust. *See Blatt v. Blatt*, 79 Colo. 57, 243 P. 1099 (1926).

■ The construction of a will is a question of law; therefore, we are not bound by the trial court's interpretation of the will and may review the issue de novo. *Meier v. Denver U.S. Nat'l Bank*, 164 Colo. 25, 431 P.2d 1019 (1967); *Massachusetts Co. v. Evans*, 924 P.2d 1119 (Colo.App.1996). However, here, the Will is clear and unambiguous. Therefore, it requires no construction.

■ The Will clearly and unambiguously limits participation in the estate to the devisees and unambiguously excludes other family members from participation, just as § 15–11–101(2) allows. Thus, even if no devisee survives the termination of the trust, the omitted heirs cannot participate by intestacy in the distribution of the trust without a surviving devisee.

### III.

Heir next contends that the trial court erred in concluding that upon termination of the trust without surviving devisees, the assets of the trust will escheat to the State of Colorado. Again, we disagree.

Heir argues that testator would never have wanted his estate to escheat. She asserts that the Will, when taken as a whole, indicates that testator would rather have had his heirs succeed to the property. However, the Will makes no provision for the possibility that no devisee survives to the termination of the trust.

■ When there is no taker under intestate succession, "the intestate estate passes to the state of Colorado." Section 15–11–105, C.R.S.2003. An escheat is not favored in law. *Risbry v. Swan*, 124 Colo. 567, 239 P.2d 600 (1951). Any doubt as to whether property is subject to escheat is resolved against the state. *In re McManis' Estate*, 94 Colo. 546, 548, 31 P.2d 912, 913 (1934).

While no appellate decision addresses this issue, a recent Arizona Supreme Court case, in dicta, discussed a similar circumstance. *See In re Estate of Krokowsky*, 182 Ariz. 277, 896 P.2d 247 (1995). In a footnote, the court discussed Arizona's amended intestate succession statute, Ariz.Rev.Stat. § 14–2101 (1995), which is nearly identical to § 15–11–101. The court explained that had the amended statute pertained, the residuary estate "may have escheated to the state ... because all surviving heirs and their families were disinherited in decedent's will." *In re Estate of Krokowsky, supra*, 896 P.2d at 249 n. 2.

■ Here, testator expressly provided that unnamed family members were not to participate in the estate, and he further provided that if any devisee predeceased the termination of the trust, the corpus was to be distributed equally among the surviving devisees. Section 15–11–101 dictates that, in such a situation, the distribution of the trust corpus upon termination without surviving devisees would be to testator's heirs by intestacy. Because the language in the Will limits participation in the estate to the named devisees surviving the termination of the trust, the corpus escheats if no devisee survives the termination of the trust.

While testator may not have intended that his estate would escheat, we are limited by the clear and plain meaning of his words. We cannot, as heir would have us do, rewrite the Will to include heirs that testator expressly omitted.

We, therefore, conclude that, if all of the devisees predecease the termination of the trust, the corpus of the trust escheats to the State of Colorado.

The parties have not argued, and we do not express an opinion, as to what, if any, interest the heirs of the devisees may have in the trust by virtue of the devisees also being named in the specific bequests of real and personal property.

### IV.

Heir finally contends that the trial court erred in allowing the devisees to enter into a private successor agreement concerning the disposition of the estate pursuant to § 15–12–912 without notice to her. We disagree.

Section 15–12–912 allows "competent successors" to agree "to alter the interests,

shares, or amounts to which they are entitled under the will ... in any way that they provide in a written agreement ... executed by all who are affected by its provisions."

Here, the devisees intend to enter into a private successor agreement premised on the recital that it is impractical to keep and maintain the agricultural property, which is the bulk of the corpus, for the duration of the trust, and that as so funded the trust lacks economic viability. The agreement provides for the immediate dissolution of the trust and for distribution of the corpus to the devisees free of any trust restrictions.

The trial court properly concluded that the omitted heirs have no interest in the estate, that they are not affected by any agreement entered pursuant to § 15-12-912, and they are not entitled to any notice of such an agreement. The trial court did, however, require that the State of Colorado be given notice of any such agreement.

The order is affirmed.

Judge CASEBOLT and Judge PICCONE concur.