ROGERS *v.* MORGAN.

4-8471                                      210 S. W. 2d 129

Opinion delivered April 5, 1948.

· *O. W. (Pete) Wiggins,* for appellant.

*Max Howell, Paul E. Talley* and *Wayne W. Owen,* for appellee.

McHANEY, Justice. Appellant and appellee are Negroes and are half brother and sister. Both were born out of wedlock with different mothers, but the same father, John Morgan. It is stipulated that appellant is the legitimate daughter of John Morgan because he married her mother after her birth and recognized her as his child. It is conceded that John Morgan married appellee's mother after appellee's birth, but it is denied that he ever recognized appellee as his son. The sole question presented by this appeal is, was appellee Herschell Morgan legitimized by the subsequent marriage of his mother and father and did the father thereafter recognize appellee as his child? The question arises over the right of inheritance of property.

Our statute, § 4341 of Pope's Digest, provides: "If a man have by a woman a child or children, and afterward shall intermarry with her, and shall recognize such children to be his, they shall be deemed and considered as legitimate."

Since it is admitted that John Morgan is appellee's father and that he married appellee's mother after she had given birth to appellee, the proof was directed to the only issue remaining, that is, whether John Morgan recognized appellee as his child. This issue is one of fact. The undisputed facts are that John Morgan was lawfully married to Mary Sisk, appellee's mother, on September 29, 1904, in Pulaski county. At that time appellee was an infant between four and seven months old. It appears that John was fearful of prosecution and married her to avoid it. He abandoned her and the child a short time after marriage and refused to live with her, went to Oklahoma and took with him Bertha Lawrence, with whom he lived in adultery, and as a result appellant, Isabelle Morgan, now Rogers, was born. On

May 12, 1908, Mary Sisk Morgan divorced John in Pulaski county, and in June following John married Bertha, thus legitimatizing appellant. In the divorce complaint of Mary against John appears this allegation: "That, at the time that defendant deserted plaintiff, he left her almost in a suffering condition with neither fuel, sufficient clothing, shelter, or anything else; and also with infant, of whom defendant is the father." This complaint was never denied and it does not appear that John ever denied that appellee was his child. On the other hand, two witnesses testified that, on several occasions, John told them that the child was his, and one of them said he contributed to the child's support. Another witness, an employee of a life insurance company, testified that John took out a policy of insurance on his life in 1943, in which appellee was named as beneficiary. There was testimony on behalf of appellant that tended to dispute that of appellee, but we think the evidence amply sufficient to support the court's finding that John Morgan was the father of appellee and that he so recognized appellee as his son.

This case is unlike *Williams* v. *Ketchum,* 178 Ark. 1141, 13 S. W. 2d 605, where the court found that Henry Williams was not the father of Joe Williams who claimed to be his son. In *Moorehead* v. *Dial,* 134 Ark. 548, 204 S. W. 424, it was held that the evidence was sufficient to establish that Morehead was the child of one Crawley. Here, fatherhood is conceded, and we think the evidence justified a finding that the father recognized appellee as his son.

The decree is correct and is affirmed.