MAURER, ADMR., APPELLEE, *v.* MIHALYNE ET AL., APPELLANTS.

(No. 2746—Decided January 28, 1957.)

*Mr. James F. Leonard,* for appellee.
*Mrs. Thelma C. Furry,* for appellants.

MONTGOMERY, P. J.   This action was brought in the Probate Court of Stark County, Ohio, for a "determination of heirship" of the decedent, in accordance with Section 2123.01, Revised Code.

The authorized finding under such a proceeding is set forth in Section 2123.05, Revised Code, which is in this language:

"At the time assigned for the hearing of a proceeding set forth under Section 2123.01 of the Revised Code, or at any time to which said hearing may be adjourned, the Probate Court may hear proof taken by commission, or by witnesses produced in open court, of the facts set forth in the petition, and shall, if satisfied from the evidence, find and adjudge who are or were the heirs or next of kin of the decedent, and entitled by the laws of this state to inherit the estate of the deceased, or the devisees or legatees named or unnamed in the will, which finding and adjudication shall be entered on the journal of the court, which entry, or a certified copy thereof, shall be prima facie evidence of the facts therein found."

The order of the court from which this appeal was perfected reads:

"This cause came on to be heard January 19, 1956, on the petition of the plaintiff, herein, and the answer of Thelma C. Furry, attorney for certain defendants and upon the evidence.

"The court rendered an opinion on April 26, 1956, that this estate should escheat to the state of Ohio; on May 4, 1956, said attorney for said defendants filed a motion asking for additional time to gather additional testimony and evidence relevant and pertinent to the issue of relationship of the decedent to the defendants herein, with brief attached thereto; on May 4, 1956, said attorney for said defendants also filed an application for letters rogatory with proposed interrogatories and affidavit attached thereto; May 29, 1956, after hearing oral argument on said motion and application; this court rendered an opinion denying said motion and application; June 8, 1956, a journal entry was filed denying said motion and application.

"The court being fully advised in the premises finds from the evidence submitted that it is not satisfied and is in doubt as to who the true heirs or next of kin of within decedent are, as required by law and it is, therefore, ordered, adjudged and decreed that said property passes in accordance with R. C. 2105. 06 (J), et seq.

"Wherefore, it is ordered, adjudged and decreed that said property escheat to the State of Ohio and that the administrator proceed to transfer the property in his possession in accordance therewith. Exceptions to the defendants."

There are a number of assigned errors, but two propositions only are involved. They are in the alternative, to wit:

First: It is the contention of the appellants that under the evidence the lower court should have determined the heirs entitled to take this estate and should have found accordingly that its failure to do so was against the weight of the evidence, and further, that under the undisputed evidence this court should render the judgment desired.

Second: If this proposition be found not tenable, then the cause should be reversed and remanded, with instructions to the Probate Court to give time for additional testimony and

evidence pertinent to the issue of relationship, and that "letters rogatory" should be issued accordingly, in order that a full opportunity may be given to determine this question.

On the first proposition the lower court obviously was correct. The record is in such shape that he could not have determined intelligently the heirs entitled to the estate.

As to the second proposition, we are of the opinion that the appellants should have been accorded the privileges which they seek. It is claimed that they were too late in making the application, because at the time of its being made the court had already rendered an opinion adverse to them.

True, an opinion was on file, but no judgment had been entered and there is nothing binding in an opinion, alone. The opportunity still was afforded to the appellants to proceed. The salient facts in the court below are set forth in the journal entry heretofore quoted.

As noted, the court ordered the property escheated to the state, under the provisions of Section 2105.06, Revised Code. That section is the "statute of descent and distribution" and sets forth who may inherit and in what order.

The first eight paragraphs recite those who are heirs and the order of heirship. Subsection (I) provides that if there are no next of kin the estate shall go to the step children or their lineal descendants per stirpes, and subsection (J) provides that if there are no step children or their lineal descendants then the property shall escheat to the state.

Here there is no finding that there were no heirs. Of course, the record shows that there were heirs. Somewhere in the first eight paragraphs of this Section is a classification which would include whoever may happen to be the heirs. There is no authority for escheating the property, in the absence of a finding of absence of heirs, and in the instant case there is nothing of the kind.

It follows that the appellants must be sustained in their second alternative proposition. The judgment of the Probate Court is reversed and the cause is remanded, with instructions to proceed accordingly.

*Judgment reversed.*

McClintock and Putnam, JJ., concur.