490 P.2d 863

In the Matter of the ESTATE of Hugo A. WALLIN, Deceased.

Grace J. DAUGHERTY, Guardian of the Estate of Beda Wallin, Appellant,

v.

STATE of Arizona ex rel. Geraldine C. SWIFT, Estate Tax Commissioner, Appellee.

No. 2 CA–CIV 991.

Court of Appeals of Arizona, Division 2.

Nov. 24, 1971.

Hughes, Hughes & Conlan, by Coit I. Hughes, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., by Leonard M. Bell, Asst. Atty. Gen., Phoenix, for appellee.

HOWARD, Judge.

Hugo A. Wallin died intestate in 1968 and Letters of Administration were issued to one Forest V. Bender. In December, 1969, the appellant filed a petition to determine heirship. The petition alleged that the appellant's ward, Beda Wallin, an incompetent, was the decedent's sister and his only surviving heir at law.

An answer was filed by the administrator denying Beda Wallin's relationship to the decedent and the State of Arizona filed a notice of appearance and concurred in the administrator's answer. Subsequently, the State filed a complaint seeking an order of escheat. Both matters were consolidated for trial which resulted in the court denying appellant's petition to have Beda Wallin declared an heir of the decedent. The court found that the decedent died intestate and without heirs and ordered his estate escheated to the State of Arizona. This appeal followed attacking the correctness of both determinations.

Since reversal of the ruling in the heirship proceeding is dispositive of this appeal, we address ourselves to that aspect of the appeal.

The burden of establishing a claim of heirship is on the alleged heir. Edgar v. Dickens, 230 Ark. 7, 320 S.W.2d 761 (1959); In re Hobart's Estate, 82 Cal. App.2d 502, 187 P.2d 105 (1947). On the other hand escheats are not favored and it is presumed that a decedent left heirs or next of kin capable of inheriting property. Risbry v. Swan, 124 Colo. 567, 239 P.2d 600 (1951); In re Holmlund's Estate, 232 Ore. 49, 374 P.2d 393 (1962).

The thrust of appellant's attack on appeal is the exclusion of certain documentary evidence offered to prove the relationship between the decedent and Beda

Wallin. These documents consisted of the following:

1. A certified copy of the marriage record of one Carl A. Wallen and Mathilda Nordien showing that their marriage took place in LaMoure County, North Dakota, on June 16, 1900, indicating that both were of LaMoure County and their ages were 38 and 28 respectively.

2. A "registration of death record" showing Karl August Wallen died on January 14, 1916 in the province of Saskatchewan, Canada, at the age of 53 years 5 months and 2 days. It indicated that he was a widower at the time of death.

3. A "registration of death" showing that Matilda Wallen [1] died on October 12, 1910 in the province of Saskatchewan, Canada, at the age of 41. It indicated that she was married at the time of death.

4. Letters of guardianship issued to Grace J. Daugherty by the county court of LaMoure County, North Dakota, evidencing her appointment as guardian of the person and estate of Beda Wallin, an incompetent person.

5. A copy of a petition for letters of administration for the Estate of Peter Nordin filed in LaMoure County, North Dakota, county court. The petition, filed by Carrie Nordin and verified by her, dated October 3, 1934 contains the following caption:

"In the Matter of the Estate of Peter Nordin, deceased

Carrie Nordin,

Petitioner,

v.

Charles Nordin, Emma Johanson, Mathilda Wallin (deceased), Beda Wallin and Hugo Wallin, children of Mathilda Wallin, deceased,

Respondents."

The petition alleged that the decedent Peter Nordin died intestate and that the next of kin and the heirs at law under the law of succession were: Carrie Nordin, widow of decedent, residence being Gladstone Township, Marion, North Dakota, age 69; Charles Nordin, brother of decedent, age 62, address Litchville, North Dakota; Emma Johanson, sister, age 60, address Angelstad, Sweden; Beda Wallin, niece, address, Marion, N. D., age 30; Hugo Wallin, nephew, age 33, address Washington, Mo., both children of Mathilda Wallin, deceased, sister of said decedent; and Lina Magnuson, Hallarp, Annerstad, Sweden. It further alleged:

"That your petitioner is the widow of said deceased, and therefore, as your petitioner is advised and believes, is entitled to a letter of administration of the estate of said deceased but request [sic] that her niece Beda Wallin be appointed as the administratrix of the estate of said decedent."

6. A copy of a final decree of distribution in the Estate of Peter Nordin (LaMoure County, North Dakota). The caption of this document reads as follows:

"Beda Wallin,

Petitioner,

v.

Charles Nordin, Emma Johanson, Lina Magnuson, Hugo Wallin and Carrie Nordin,

Respondents."

It directed distribution of the decedent's estate to his surviving widow, Carrie Nordin, and that Beda Wallin, administratrix, upon filing satisfactory evidence of distribution, would be finally discharged from her trust as administratrix. This decree was dated July 26, 1935.

Admitted into evidence was the death certificate of Hugo August Wallin indicating that he died on February 16, 1968 in Tucson, Arizona, at the age of 66 and that he was born in North Dakota.

1. The decedent's name is handwritten and it is difficult to determine whether the surname is Wallen or Waleen. However the signature of the informant contains two l's. (Karl Wallen or Karl Wallin.)

■ Various objections[2] were made to the introduction of the excluded documents, primarily on the grounds that they were hearsay and lacked relevance. The trial court, in sustaining the objections, was of the opinion that there was no showing of relevancy and that there was a great deal of hearsay in the documents.

■ A well-recognized exception to the hearsay rules exists in respect of proof of matters of family history, relationships and pedigree and subject to certain limitations and restrictions, hearsay evidence is admissible to prove such matters. 29 Am. Jur.2d, Evidence § 508. As stated in the foregoing text:

"Such evidence is held admissible not only because of the extreme difficulty of producing any better evidence—that is, because it is the best evidence of which the nature of the matter admits— but also because of its general reliability. Indeed, it has been held that evidence in respect of pedigree, or ancestral lineage, does not stand upon the footing of secondary evidence, to be excluded if some other witness can be produced who speaks upon the subject from his own knowledge."

■ No particular form of statement is required to render a declaration as to pedigree admissible in evidence. It may be oral or written, such as a letter, descriptions in wills and in Bibles—these are admitted upon the principle that they are the natural effusions of a person who must know the truth and who speaks upon an occasion when his mind stands in an even position, without any temptation to exceed or fall short of the truth.

Examination of the petition for letters of administration filed in North Dakota in 1934 reveals that it contains a recitation concerning Beda Wallin and Hugo Wallin as to their relationship inter se and to the decedent. It refers to the age of Hugo Wallin at that time which ties in with his age at the date of his death.

■ Although an allegation with respect to heirship in one proceeding may not be conclusive in a subsequent one, Behan v. Treasurer & Receiver General, 276 Mass. 502, 177 N.E. 654 (1931), a statement as to pedigree in a foreign probate petition and the proceedings thereon is competent evidence as to relationship. In re Weis' Estate, 224 Cal.App.2d 19, 36 Cal.Rptr. 266 (1964); Melton v. Anderson, 32 Tenn. App. 335, 222 S.W.2d 666 (1948); Burrell v. Westbrook, 163 S.W.2d 695 (Tex.Civ. App.1942); See 31A C.J.S. Evidence § 232.

■ Generally speaking, written declarations are admissible when it appears the declarant is dead or unavailable and is a member of the family. In re Weis' Estate, supra; 2 Jones on Evidence § 286. The 1934 petition for letters of administration reflects that the petitioner, Carrie Nordin, was then 69 years of age. Under these circumstances, it would not be inappropriate to indulge in the presumption that she was unavailable to testify. We may also presume from the fact that letters issued to Beda Wallin pursuant to Carrie Nordin's request, that the probate court found that they were related. Since written declarations made by a member of the family concerning pedigree are admissible, we believe that it was improper to exclude the documents pertaining to the North Dakota probate.

2. Objections were made both by counsel for the state and counsel for the administrator of Hugo Wallin's estate. In fact the transcript reflects active participation by the latter. It is true that an executor is a proper party in heirship proceedings and has a duty to defend the testator's will against attack. In re Estate of Harber, 104 Ariz. 79, 449 P.2d 7 (1969). However, in this case the ad-

ministrator is in effect merely a nominal party, to be advised of the progress of the proceedings and to be bound by the heirship determination. Consequently, it is inappropriate that he take an affirmative position for or against any claimant. In re Lynagh's Estate, 177 So.2d 256 (Fla.App.1965); Zimmer v. Gudmundsen, 142 Neb. 260, 5 N.W.2d 707 (1942).

In the case of In re Weis' Estate, supra, the probate court found that the putative heir was the decedent's half sister. This finding was challenged on the ground that the evidence was insufficient to support it. The claimant, just as in the case at bench, because of her incompetency, was unable to offer any testimony or evidence bearing upon her relationship to the decedent. In attempting to prove family relationship between the decedent and the claimant, certified copies of various documents such as death certificates, a marriage certificate, divorce complaints and copies of documents relating to the insanity proceedings of the claimant were introduced. Also, certified copies of documents relating to the administration of the estate of a sister in law of the decedent were introduced. On appeal, it was contended that these documents were all hearsay, hence inadmissible. The California Appellate Court did not pass upon the admissibility of documents other than those relating to the probate proceedings and held that the assertions made therein as to relationships, although hearsay, were admissible within the "family history" exception to the hearsay rule and were sufficient to support the finding that the claimant was the decedent's half sister.

■■■ As to the other documents which were refused admission, it would appear that they become relevant once the record in the North Dakota probate proceeding is admitted into evidence. The certified copies of the marriage certificate and death certificate are admissible as prima facie evidence of the facts therein stated, A.R.S. §§ 12–2264 and 2265; Ranger Insurance Co. v. Industrial Commission, 15 Ariz.App. 45, 485 P.2d 869 (1971). Examination of the various documents reveal that LaMoure County, North Dakota, was where the Nor-

din probate took place, where Carl A. Wallen and Mathilda Nordien were married, and where a guardian was appointed for Beda Wallin. Also, the ages set forth in the various documents are corroborative of identity, as are the similarity of names. It is not inappropriate, in determining a claim of heirship, to consider these circumstances. In re Lipovsky's Estate, 238 Cal. App.2d 604, 48 Cal.Rptr. 41 (1966); In re Hooper's Estate, 53 Wash.2d 262, 332 P.2d 1077 (1958).

■■■ We hold that the trial court erroneously excluded[3] the documentary exhibits in the heirship proceeding. As a consequence thereof, the judgment of escheat must be reversed and the cause remanded for a new trial.

KRUCKER, C. J., and HATHAWAY, J., concur.

---

3. Appellant attempted to include in her brief certain exhibits which were never presented to the trial court. In accordance with appellee's motion, we ordered them stricken since appellate consideration was foreclosed. Gage v. Gage, 11 Ariz.App. 76, 462 P.2d 93 (1970).

The record reflects, however, that appellant's trial counsel indicated to the

court, after objections to the documentary exhibits were sustained, that he might be able to procure additional testimony pertinent to the issue of relationship. We believe that applications of this nature, when properly presented, should be looked upon with favor. Maurer v. Mihalyne, 105 Ohio App. 83, 151 N.E.2d 383 (1957).